In re SELIGMAN.

(District Court, S. D. New York. September, 1911.)

BANKRUPTCY (§ 242*)—DISCOVERY OF ASSETS—EXAMINATION OF THIRD PERSON—"CONCERNING THE PROPERTY OF A BANKRUPT."

Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430), provides that a court of bankruptcy, on application of any officer, bankrupt, or creditor, may by order require a designated person, including the bankrupt, to appear before a referee or judge of any state court to be examined concerning the acts, conduct, or property of the bankrupt whose estate is in process of administration under the act. *Held,* that the words "concerning the property of a bankrupt" limit the examination to the discovery of the existence, whereabouts, or disposition of property, and hence did not authorize the court to compel an officer of a corporation in which the bankrupt had stock, which was admittedly in the bankrupt's possession, to give evidence as to his opinion concerning the value of the stock, and to produce in support thereof the records relating to the financial condition of the corporation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 399–401; Dec. Dig. § 242.*]

In the matter of the bankruptcy proceedings of one Seligman. Motion to punish E. B. Robinson for contempt in refusing to answer questions put to him during an examination before the referee in bankruptcy as to the financial standing of the Savoy Shirt Company, of which the witness was an officer. Denied.

Maurice S. Hyman, for the motion.
Lawrence W. Trowbridge, opposed.

HOUGH, District Judge. It is known and admitted that the bankrupt owns certain shares in the Savoy Shirt Company. The trustee desires to sell those shares after due appraisement. It is said he found himself unable to ascertain the value of the same, and the referee summoned Robinson as an officer of the Savoy Shirt Company to give evidence as to the value of the shares admittedly owned by the bankrupt, and by subpœna duces tecum called upon him to fortify his evidence with "all books of account, monthly balance sheets, and records relating to the financial standing of the Savoy Shirt Company." Robinson refused to give the information requested.

As has often been said, it is extremely difficult to lay down any general rules limiting examinations in bankruptcy. Indeed, the making of general rules on this subject is to be deprecated, for no one can foresee what contingencies may arise. So far as this particular case is concerned, it may be noted that the subpœna duces tecum is clearly too broad. It employs almost the language of the subpœnas vacated by Lacombe, J., in several recent proceedings before the grand jury of this district. As was remarked by that judge, a subpœna such as this is calculated to stop the business of a corporation, and no justification can be found for it.

This observation, however, does not go to the root of the matter.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The real question is whether Robinson can be compelled to answer at all such questions as were put to him. I think he cannot be, for two reasons: First. An inquiry into the value of any vendible article is a request for a matter of opinion. It cannot be answered without expert knowledge; and no man is compellable under subpœna to give his opinion. As is well known, expert testimony is itself a matter of bargain and sale. Second. Robinson is wholly a stranger to this bankruptcy proceeding; so is the Savoy Shirt Company. It is not alleged or suggested that either of them has received a preference, is concealing anything of value belonging to the bankrupt's estate, or is, indeed, connected with the bankrupt in any other way than that growing out of the bankrupt's ownership of some stock in the corporation aforesaid. Robinson can therefore only be compelled to answer questions "concerning the acts, conduct or property of the bankrupt."

No question has been asked concerning Seligman's acts or conduct. Therefore the final problem is this: What is meant by the language of the statute which permits an examination "concerning the property of a bankrupt"? In my judgment, this must mean the discovery of the existence, whereabouts, or disposition of property, and cannot be extended so as to draw from unwilling outsiders evidence as to the value of what the bankrupt admittedly owned and had in possession, and which is now in the hands of his trustee.

The motion to punish for contempt is denied, on the ground that the questions put are beyond the purview of the act.