### In re FRED C. HENDERSON, Inc.

(District Court, D. Massachusetts.   October, 1919.)

**Bankruptcy** ⬤═234—**Creditor may examine debtor before adjudication.**

    A creditor may be allowed to examine officers of a debtor corporation before adjudication under Bankruptcy Act, § 21a (Comp. St. § 9605), and is not required to prove its status as a creditor further than by its oath to the application.

In Bankruptcy.   In the matter of Fred C. Henderson, Incorporated, bankrupt.   On review of order of referee allowing creditor to examine officers of debtor corporation under Bankruptcy Act, § 21a (Comp. St. § 9605).   Affirmed.

The following is the opinion of Referee Olmstead:

This was a petition to review an order allowing the Bankers-Commercial Security Company, Incorporated, a creditor, to examine the officers of the debtor corporation.   An application was duly made by said creditor under Bankruptcy Act, § 21a (Comp. St. § 9605).   To this application an answer was filed, in which were fully set forth the objections to the granting of any examination.   The answer denies that the Bankers-Commercial Security Company, Incorporated, is a creditor.   At the hearing before me, counsel for the Exchange Trust Company, the objecting creditor, was given an opportunity to introduce evidence to show that said Bankers-Commercial Security Company, Incorporated, was not a creditor, but declined to produce any such evidence.   The application on behalf of said creditor is sworn to.   I find, therefore, that the said applicant is a creditor, and such status is established by its oath.   Whitney v. Dresser, 200 U. S. 532, 535, 26 Sup. Ct. 316, 50 L. Ed. 584, 15 Am. Bankr. Rep. 326.

That applications under section 21a (see forms 28–30, § 30 [Comp. St. § 9614]; sections 7(9), 55b [sections 9591, 9639]) are favored, and that a creditor need not even prove his claim, has been held.   In re Jehu (D. C. Tenn.) 2 Am. Bankr. Rep. 498, 94 Fed. 638; In re Walker (D. C. N. D.) 3 Am. Bankr. Rep. 35, 96 Fed. 550; In re Prussian (D. C. Mich.) 43 Am. Bankr. Rep. 13, 255 Fed. 857.   Furthermore, this right and privilege of examination are not confined to creditors, but extend to "parties in interest." Sections 29c(3), 47a(5), 49 (sections 9613, 9631, 9633).

That creditors have a right to examine before adjudication and that certain inconveniences may arise, if such examinations are delayed, is also settled by the Supreme Court.   Cameron v. U. S., 231 U. S. 710, 34 Sup. Ct. 244, 717, 58 L. Ed. 448, 31 Am. Bankr. Rep. 604.

All the other objections in the answer, in my opinion, are met by the reasons for early examinations set forth in the latter decision of the Supreme Court.

Jacobs & Jacobs, of Boston, Mass. (Joseph B. Jacobs, of Boston, Mass., of counsel), for petitioner.

Robert E. Harding, of Boston, Mass., for objector.

MORTON, District Judge.   Order of referee for examination of officers of corporation affirmed.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes