### In re STANDARD AERO CORPORATION OF NEW YORK.

### STANDARD AERO CORPORATION OF NEW YORK v. LEONARD.

(Circuit Court of Appeals, Third Circuit. February 10, 1921.)

No. 2582.

Bankruptcy ⬤⟹242(1)—Scope of examination of officer of bankrupt corporation stated.

> Where the person examined under Bankruptcy Act, § 21a (Comp. St. § 9605[a]), was the president, principal stockholder, and manager of an alleged bankrupt corporation, it is imperative that much latitude be permitted in the examination, even though some personal affairs of the witness may be revealed, keeping in mind as the test of its scope that the inquiry concerns, primarily and objectively, the "acts, conduct or property of the bankrupt."

Petition for Revision of Proceedings of the District Court of the United States for the District of New Jersey, in Bankruptcy; Charles F. Lynch, Judge.

In the matter of the Standard Aero Corporation of New York, alleged bankrupt. On petition by bankrupt to revise orders of the District Court. Affirmed.

See, also, 270 Fed. 779.

M. Casewell Heine, of Newark, N. J., for appellant.

Frank P. McDermott, of Jersey City, N. J., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and RELLSTAB, District Judge.

WOOLLEY, Circuit Judge. We are asked to revise, and annul, an order of the District Judge directing examination under section 21a of

the Bankruptcy Act (Comp. St. § 9605[a]). The pertinent part of this familiar section is the following:

"A court of bankruptcy may, upon application of any * * * creditor, by order require any designated person, * * * to appear * * * before a referee * * * to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act."

As the main facts are stated in our opinion on another phase of these proceedings, reported at 270 Fed. 779, only a few additional facts are necessary to an understanding of the matter now before us.

Proceedings in bankruptcy against the appellant corporation had begun but had not advanced to adjudication, when, on petition of a creditor, the District Judge made an order of examination. On hearing before a referee, sitting as special master, answers to questions were refused, and on denial of a motion to vacate the order and dismiss the petition for lack of necessary or legal reason for the examination prior to adjudication, the Judge entered an order to proceed therewith. This order, coupled with the first, is the one before us for revision.

The alleged bankrupt is a corporation whose affairs were open to inquiry under section 21a before adjudication, Cameron v. United States, 231 U. S. 710, 34 Sup. Ct. 244, 58 L. Ed. 448; and the person designated for examination was Harry Bowers Mingle, its president.

Besides being president of the corporation Mingle was its principal stockholder and had been its active manager in its very substantial business of manufacturing aeroplanes. He had loaned the company much money which the company had repaid from the large sums it had received from the United States Government. Mingle apparently had close business relations with Mitsui & Company, an importing house of New York, three of whose partners or employés constituted a majority of the corporation's board of directors. The inquiry before the special master was directed to the relations of these several parties and to their money transactions, with the object of ascertaining whether the large volume of funds which flowed to and from the corporation by various channels had reached their proper destinations. Obviously, the point of the inquiry was whether the moneys of the corporation admittedly paid to Mingle were really due him, and whether the moneys paid to Mitsui & Company, if any, were really due them. To this end Mingle was asked questions touching his financial dealings with the latter concern. He complained of impropriety in these questions and declined to answer them on the ground that the business was his own and not that of the bankrupt. This may be so. But if it is not so—and this is just the point of the inquiry—then the petitioning creditor had a right to know the sources of the corporation's funds in order adequately to follow their subsequent repayment and in order to be fully apprised of the validity of the same. This was but an orderly way of developing the whereabouts of the assets of the estate.

Where acts inquired of, seemingly personal to a witness, arose out of his close official relations with the bankrupt and out of business dealings between the two which were so closely interwoven that conduct of the bankrupt cannot be fully made known without revealing some personal

conduct of the witness, it is imperative to a proper administration of section 21a that much latitude be permitted in the examination, keeping in mind as the test of its scope that the inquiry concerns, primarily and objectively, "the acts, conduct, or property of [the] bankrupt." In re Foerst (D. C.) 93 Fed. 190; In re Horgan & Slattery, 98 Fed. 414, 39 C. C. A. 118; In re Lathrop, Haskins & Co. (D. C.) 184 Fed. 534; In re Carley (D. C.) 106 Fed. 862; In re Williams (D. C.) 123 Fed. 321; In re Seligman (D. C.) 192 Fed. 750; Rawlins v. Hall-Epps Clothing Co., 217 Fed. 884, 133 C. C. A. 594; Abbott v. Wauchula M. & T. Co., 229 Fed. 677, 144 C. C. A. 87.

We are of opinion that the latitude of the examination conducted under the order in question was not, in the light of the interwoven relations of all parties affected, greater than the facts justified or the statute contemplated.

The several orders and acts of the court brought up on this petition are affirmed.