Company, the alleged main infringer, which may or may not involve them severally or jointly in the infringements. The plaintiff in the bill charges that all infringed but supports its charge very weakly by an affidavit based on the affiant's information yet not even on his belief. Moreover, the plaintiff relies chiefly for proof of their infringement on its construction of statements contained in their own affidavits filed in opposition to the motion. Clearly this is not evidence of the character that the rule requires to induce a judge to award the extraordinary remedy of injunction, even though preliminary. As it is quite impossible, on the plaintiff's meager record, to determine even probably the complicity of these six defendants in the infringement by the Republic Electric Company, we are constrained to reverse the decree in so far as it awards a preliminary injunction against H. J. Jaeger Co., Inc., Jaeger Research Laboratories, Inc., Herman J. Jaeger, Thomas Talbot, E. L. Crans and David Wolf, their officers, agents, etc.

The decree is in all other respects affirmed.

---

**YELLOW MOTOR CO. OF ST. LOUIS v. DAVIS, District Judge.**

Circuit Court of Appeals, Eighth Circuit
July 3, 1928.

No. 351.

1. Bankruptcy ⬉234—Where alleged bankrupt denied petitioners were creditors, or that it committed act of bankruptcy, court could make order requiring examination of bankrupt's officers and others (Bankr. Act, § 21a; 11 USCA § 44 (a).

Where an involuntary petition in bankruptcy was filed, and alleged bankrupt filed answer, denying petitioners were creditors or that it had committed act of bankruptcy charged, court had jurisdiction and power to make order for examination of officers of alleged bankrupt and others, under Bankruptcy Act, § 21a, 11 USCA § 44 (a), before estate was in process of administration.

2. Bankruptcy ⬉234—Jurisdiction given by statute to order examination of alleged bankrupt and others is jurisdiction to exercise wise judicial discretion (Bankr. Act, § 21a; 11 USCA § 44 (a).

Jurisdiction given by Bankruptcy Act, § 21a, 11 USCA § 44 (a), to order or permit examination of alleged bankrupt and others, is jurisdiction to exercise wise judicial discretion.

Petition for writ of prohibition by the Yellow Motor Company of St. Louis against Hon. Charles B. Davis, Judge of the United States District Court for the Eastern District of Missouri, to prevent respondent from carrying out and enforcing an order, entered by him, requiring certain parties to submit to an examination in a bankruptcy matter. Petition dismissed.

Chase Morsey, of St. Louis, Mo., for petitioner.

Before STONE, Circuit Judge, and JOHN B. SANBORN, District Judge.

PER CURIAM. This is a petition for a writ of prohibition to prevent Judge Charles B. Davis, of the Eastern District of Missouri, from carrying out and enforcing an order, entered by him, which required Fred M. Williams and others to submit to an examination in the bankruptcy matter No. 5242, In re Yellow Motor Company of St. Louis.

May 8th an involuntary petition in bankruptcy was filed against the above company. May 22d that company filed an answer, among other things, denying that the petitioners were creditors or that it had committed the act of bankruptcy charged. May 24th the petitioning creditors filed an application for examination of the officers of the alleged bankrupt and of others, under the provisions of section 21a of the Bankruptcy Act, 11 USCA § 44 (a). An order to that effect was entered upon that day. Thereafter a motion to vacate said order was permitted to be filed and, after hearing, was denied on June 29, 1928.

The contention presented here is that Judge Davis had no jurisdiction to order or permit this examination, because section 21a allows such examination only when the estate of the alleged bankrupt is in process of administration under the Bankruptcy Act and that, as nothing had occurred in this matter except the filing of the involuntary petition and the challenging answer thereto, that the estate was not in process of administration.

[1, 2] We do not stop to examine whether the writ of prohibition is a proper remedy under the circumstances here existing (Ex parte United States, 263 U. S. 389, 44 S. Ct. 130, 68 L. Ed. 351), but we think Judge Davis clearly had jurisdiction and power to make the order here in question. This result we think is ruled by Cameron v. United States, 231 U. S. 710, 717, 34 S. Ct. 244, 58 L. Ed. 448; In re Youroveta H. & F. T. Co., 288 F. 507, 513 (C. C. A. Second Circuit); In re Mitchell, 278 F. 707, 709 (C. C. A. Second Circuit); In re Standard Aero Co., 270 F. 783, 784 (C. C. A. Third Circuit); Raw-

lins v. Halls-Epps Clothing Co., 217 F. 884, 885 (C. C. A. Fifth Circuit); Broward County Lumber Co. v. Burgess, 17 F.(2d) 1010 (C. C. A. Fifth Circuit); In re Stell, 269 F. 1008 (D. C. E. D. Texas); In re Henderson, 266 F. 254 (D. C. Mass.). The jurisdiction given by section 21a of the act is the jurisdiction to exercise a wise judicial discretion.

The petition for the writ will be denied, and the petition will be dismissed, at the cost of petitioner.