**YELLOW MOTOR COMPANY OF ST. LOUIS, Bankrupt, Appellant, v. William BRODERICK et al., Appellees.**

Circuit Court of Appeals, Eighth Circuit. April 29, 1929.

No. 8257.

Rehearing Denied June 7, 1929.

Chase Morsey, of St. Louis, Mo., for appellant.

Earl M. Pirkey, of St. Louis, Mo. (Foster H. Brown, of St. Louis, Mo., on the brief), for appellees.

Before STONE, LEWIS, and COTTERAL, Circuit Judges.

LEWIS, Circuit Judge. Four petitioners representing themselves as creditors of Yellow Motor Company asked the court below to adjudge it bankrupt. It answered that petition admitting some allegations and denying others. Pending adjudication the petitioning creditors asked the court for an order under section 21a of the Bankruptcy Act (11 USCA § 44[a]) to examine the bankrupt's officers and others on oath before the referee. The order was entered and bankrupt has appealed.

Before this appeal came on for hearing appellant filed in this court its petition for writ of prohibition against the District Judge who made the order appealed from, to restrain its enforcement. We considered that petition and held it to be without merit, in Yellow Motor Co. of St. Louis v. Davis (C. C. A.) 27 F.(2d) 597. We there ruled on the questions that are again presented on this appeal. It is without merit and will be dismissed. Mandate may issue instanter.

STONE, Circuit Judge (concurring). This is an appeal from an order for examination under section 21a of the Bankruptcy Act and from an order denying motions to set aside and vacate the above order. Shortly after entry of the above orders, these appellants sought to prevent the execution thereof by a petition for prohibition filed in this court. That relief was denied on the ground that the trial court had jurisdiction to make such an order. Yellow Motor Co. v. Davis [C. C. A.] 27 F.(2d) 597. In that opinion, this court said: "The jurisdiction given by section 21a of the act is the jurisdiction to exercise a wise judicial discretion." Page 598.

One contention here is that such discretion was not shown because it is not stated in the application nor proven nor found by the court that an extraordinary condition existed requiring such examination before adjudication in order to protect or conserve the estate. I see no reason why there should be such allegations in the application for the examination. What took place before the court we do not know from the record. There is no preservation of evidence or representations during argument. This cannot be supplied, on an appeal, by statements of counsel placed in the appeal papers (where they have no proper place) nor by affidavits filed in connection with the appeal. We must consider the matter on the record of what took place in the trial court as shown by the certificate of the clerk thereof to this court and upon such record alone. The entire record below consists of the petition of creditors for an adjudication of bankruptcy, the answer thereto, the petition or application for the examination, the order thereon allowing examination, motions to vacate that order, the order denying those motions and the appeal papers. As said above, allegations of what took place at the hearings which are contained in the appeal papers have no virtue here. They are but ex parte statements and cannot supply the place of the "case stated" to be certified by the clerk. Thus the only matters properly before us are those above which precede the appeal papers. From those it appears that after the order was made, the court entertained motions to vacate. These motions alleged the existence of two receivership proceedings in the state court against the bankrupt based on the theory that the Brown Cab Company (a corporation) had sold all of its assets (claimed to be worth $250,000) to the bankrupt in a "wash sale" for the purpose of avoiding payment of judgments of more than $100,000, against that company; that the relief sought therein was segregation and administration by receivers of the separate property of the Brown Company for the benefit of its creditors; that, because the assets of both companies were mortgaged and intermingled and changed in form so that they could not be separated without destruction of the Yellow Company as a going concern, the bankrupt (Yellow) consented to the receivership and sale of said property as a going concern; that, after operating the property thirteen days, the court ordered sale thereof by the receivers; that

such sale was made (on April 10, 1928) subject to a mortgage for $135,000 and property and personal injury claims (arising during the operation by the receivers); that the sale was for $20,000 of which $14,000 remained when the motion was filed (May 31, 1928); that on the day the creditors' petition was filed herein but prior thereto, counsel for such creditors had been denied intervention filed in the receivership cases on behalf of two judgment creditors of the Brown Company.

It appears, in the order denying the motions, that the motions were argued and submitted and taken under advisement. As to what may have appeared at this argument, the record, of which we can take cognizance, is silent. But it does clearly appear that the court gave careful consideration to the matter for he entertained the motions to vacate, heard arguments thereon and took them under advisement. Counting what may have appeared in argument on the motions as nothing additional, although it may have been important, I think we should not say that the matter shown in the motions themselves might not guide a wise judicial discretion to permit the examination. At the very least, we should not say that there is a showing here of the lack of the exercise of such discretion. This would be true even if appellant is right that the proper rule is

that some extraordinary circumstances must appear before such examination should be ordered before an adjudication of the bankruptcy.

Appellant's claim that this examination could not be ordered because the creditors' petition was insufficient, first, in not containing necessary allegations and second, in not being properly verified. No such issue was made in the trial court. The bankrupt answered the petition denying many of the essential allegations therein but making no suggestion of any lack of sufficiency in the allegations of that petition. Nor did either motion to vacate the examination order tender such issue. The nearest approach thereto is in the motion of the bankrupt to vacate wherein one ground is stated to be that "the court was without jurisdiction to make and enter said order" (for examination). It is clear that what was there challenged was not the sufficiency of the petition but the power to make an examination order before adjudication. Such was the contention in the petition for prohibition before this court. The present contention is evidently an afterthought. We should not consider errors not put in issue in the court below but raised for the first time in this court on appeal.

I think the order should be affirmed and mandate issued forthwith.