## In re YELLOW MOTOR CO. OF ST. LOUIS.*

Circuit Court of Appeals, Eighth Circuit. July 25, 1929.

No. 8652.

*Certiorari denied 50 S. Ct. 38, 74 L. Ed. ——.

Chase Morsey, of St. Louis, Mo., for petitioner.

Earl M. Pirkey, of St. Louis, Mo., for respondents.

Before STONE and GARDNER, Circuit Judges.

GARDNER, Circuit Judge. This is a petition for an appeal from an order of the District Court for the Eastern District of Missouri overruling a motion filed in the matter of the Yellow Motor Company of St. Louis, bankrupt, pending therein to strike an amended petition in bankruptcy filed on the 21st day of June, 1929.

On May 8th an involuntary petition in bankruptcy was filed against the above company. To this petition, on May 22, 1928, the company filed answer, in which, among other things, it denied that the petitioners were creditors having provable claims in excess of $500 over the value of the securities held by them, specifically denied the act of bankruptcy alleged in the petition, and pleaded affirmatively that during the month of November, 1927, two suits were instituted in the state court in which receivers were appointed, and that its creditors, including the petitioners, participated therein, and were therefore estopped from prosecuting this action in bankruptcy.

The answer does not in any way challenge the sufficiency of the allegations in the petition. The petitioning creditors thereafter filed an application for examination of the officers of the alleged bankrupt and of others under the provisions of section 21a of the Bankruptcy Act (11 USCA § 44(a), and an order granting such application was thereupon entered, and a motion to vacate the same was thereafter presented, and on June 29, 1928, denied.

An appeal from that order was prosecuted to this court, and it was contended therein that the trial court had no jurisdiction to order or permit the examination, because section 21a allowed such examinations only when the estate of the alleged bankrupt was in process of administration.

Pending appeal, from that order, a petition for writ of prohibition was presented to this court, seeking to prevent the enforcement of the order requiring said parties to submit to an examination in the bankruptcy matter. The petition for this writ was denied July 3, 1928. Yellow Motor Co. v. Davis District Judge (C. C. A.) 27 F.(2d) 597.

On April 29, 1929, this court affirmed the order appealed from, and directed that mandate issue forthwith. Yellow Motor Co. v. Broderick (No. 8257) 32 F.(2d) 1022.

On this petition for appeal from the order refusing to strike the amended answer it is contended that the order assailed was erroneous in the following particulars:

(1) Because the creditors failed to comply with General Order in Bankruptcy No. 11 (see 11 USCA § 53) in their application for leave to amend, and do not state the cause for the errors in the original petition.

(2) That the amended petition failed to allege an act of bankruptcy committed within four months prior to the date of the filing thereof.

(3) That the amended petition failed to allege that the bankrupt had its principal place of business in the City of St. Louis within the jurisdiction of the court for a greater portion of six months preceding the filing of the amended petition.

(4) That the original petition failed to allege jurisdictional requirements (a) that the bankrupt was insolvent; (b) that the bankrupt owed more than $1,000, and that the amended petition attempting to set out these jurisdictional requirements speaks from the date of its filing, and that no act of bankruptcy is alleged to have been committed within four months of said date.

No doubt the trial court might properly have denied the application to amend on the ground that the petitioning creditors had not complied with General Order of Bankruptcy No. 11. It does not follow, however that the court, in its discretion, in furtherance of justice, was without jurisdiction or authority to permit the amendment, even though the petitioners thereto did not comply with the requirements of this rule. The rule is doubtless for the guidance of the court and counsel and in the interest of an orderly administration of the law, but, under the broad discretion of a court of equity, a failure to require a compliance with this rule cannot be urged as prejudicial error.

The only substantial matter presented on this application is the question as to whether or not the amended petition states a new or different cause of action from that stated in the original petition. It should be first noted that the sufficiency of the original

petition was not challenged by motion to dismiss, but answer was filed thereto joining issue on the merits. This invited the court to exercise jurisdiction, and thereafter, even during the trial, the court in furtherance of justice might properly have permitted an amendment of the pleadings. · Where the pleading is not challenged prior to joining issue on the merits, then the court may always, even during the trial, in furtherance of justice, permit such amendments as may be necessary to conform to the facts.

██ It is claimed here that the amended petition sets up a new cause of action, and hence should not be considered as a legitimate amendment, and, not being such, it is insufficient, because it does not allege an act of bankruptcy committed within four months prior to the date of filing of the amended petition.

This contention we think is untenable The amended petition sets up the same identical act of bankruptcy as that alleged in the original petition; but it is claimed that the original petition did not allege (1) that the bankrupt was insolvent and (2) that it owed more than $1,000.

A glance at the original petition shows that it contained the following paragraph: "That within four months preceding the filing of this petition, to wit: on the 26th day of March, 1928, the said Yellow Motor Company of St. Louis, while insolvent, committed an act of bankruptcy in that it did, on said date," etc. It seems therefore to have been alleged that the company was insolvent at the time of the commission of the alleged act of bankruptcy. It does not, however, allege that the bankrupt owed more than $1,000. This formal allegation is supplied in the amended petition.

A comparison of the original with the amended petition discloses the fact that, so far as the act of bankruptcy therein alleged is concerned, it is identical in each of the petitions. There is therefore no allegation of a new or different cause of action, and hence it was perfectly proper to allow the amendment. As said by this court in Hovland v. Farmers' State Bank (C. C. A.) 10 F.(2d) 478, 482: "It is well settled that the amended pleading must not set up a new cause of action. If this be so, then manifestly the allegations of the original pleading must be sufficiently specific to enable the court to identify the cause of action therein sought to be set up and to determine whether or not the original and amended pleading refer to the same cause of action. Boudreaux v. Tucson Gas, E. L. & P. Co., 13 Ariz. 361, 114 P. 547,

33 L. R. A. (N. S.) 196; Arizona Eastern R. Co. v. Old Dominion Copper M. & S. Co., 14 Ariz. 209, 127 P. 713; Hagenauer v. Detroit C. M. Co., 14 Ariz. 74, 124 P. 803, Ann. Cas. 1914C, 1016.

"On the other hand, if the original pleading is sufficiently specific to identify the cause of action, however defective and imperfect it may be, and it appears that the amended pleading introduces no new cause of action, but merely enlarges, amplifies, or makes more definite and certain the allegations of the original pleading with reference to the same cause of action, then the amended pleading ought to relate back to the date of the filing of the original pleading."

Tested by this rule, the amendment in this case will be held to relate back to the original petition, and hence it was not necessary to allege therein that the alleged act of bankruptcy was committed within four months prior to the time of the filing of the amendment. The original pleading clearly and unmistakably identifies the cause of action therein alleged as the one alleged in the amended pleading.

It follows that there was no error in allowing the filing of the amended petition, and the petition for an appeal is denied. Let mandate of this court be issued forthwith.