## In re HONEYGOSKEY.

### No. 16897.

District Court, W. D. Pennsylvania.

Jan. 20, 1932.

Louis Vaira, of Pittsburgh, Pa., for bankrupt.

Kountz & Fry, of Pittsburgh, Pa., for petitioning creditors.

SCHOONMAKER, District Judge.

On January 7, 1932, an involuntary petition in bankruptcy was filed against Joseph Honeygoskey, trading as Clover Farms Store. On January 12, 1932, the petitioning creditors petitioned the court for the privilege of examining the said bankrupt under the provisions of section 21a, (Bankruptcy Act), in order that said creditors might properly prepare for a hearing upon an injunction against a creditor who had issued an execution against the said alleged bankrupt. An order was made, directing the examination as prayed for; and the alleged bankrupt has now come into court and asked to have that order vacated, because it is unauthorized by the provision of section 21a of the Bankruptcy Act, and therefore void. We heard counsel for the petitioning creditors and the alleged bankrupt; we have also received and considered their briefs in relation to the petition to vacate the order.

The position taken by the alleged bankrupt is not sound. There have been some instances where the courts have upheld his position in the past, but that was before the decision of the Supreme Court in the case of Cameron v. U. S., 231 U. S. 710, on page 717, 34 S. Ct. 244, 246, 58 L. Ed. 448, holding that the estate is in process of administration from the time the petition in bankruptcy is filed; Mr. Justice Day stating: "This court has decided that the filing of the petition in bankruptcy operates to place the property of the alleged bankrupt in custodia legis, and prevents any creditor from attaching it." Since then the District and the Circuit Courts have authorized the examination of alleged bankrupts under the direction of section 21a prior to adjudication, in some cases even when no receiver has been appointed. Rawlins v. Hall-Epps Clothing Co. (C. C. A.) 217 F. 884, 33 A. B. R. 237 (in this case no receiver had been appointed); Matter of Standard Aero Corporation of New York, 270 F. 783, 46 A. B. R. 517 (C. C. A. 3d Circuit); Yellow Motor Co. of St. Louis v. Davis (C. C. A.) 27 F.(2d) 597, 12 A. B. R. (N. S.) 465; Yellow Motor Co. of St. Louis v. Broderick (C. C. A.) 32 F.(2d) 1022, 13 A. B. R. (N. S.) 724.

We therefore conclude that we had jurisdiction to make the order questioned. No attack is made on the order itself as having been improvidently made; the sole attack upon it is upon jurisdiction to make it. We hold that we had jurisdiction to make the order, and therefore will deny the petition to vacate it.

860

**PER CURIAM.**

Now, January 20, 1932, the petition having been presented in this case to vacate the order made herein on January 12, 1932, allowing to the petitioning creditors the privilege of examining the alleged bankrupt in accordance with section 21a of the Bankruptcy Act, upon hearing counsel and due consideration of the petition, the same is hereby denied; to which ruling on our part Joseph Honeygoskey excepts, and his request for exception is noted.