## In re ALLITH–PROUTY CO.
### No. 2246.

District Court, E. D. Illinois.
Aug. 29, 1933.

Louis I. Kessler, of Chicago, Ill., for creditors.

LINDLEY, District Judge.

The petitioning creditors have filed herein their motion for an order of special reference to the referee for examination of bankrupt's officers and for permission to enter upon the premises of the bankrupt for the purpose of viewing and making examination thereof pri-

or to adjudication. The bankrupt contends that, inasmuch as it has filed an answer to the petition in bankruptcy and to the petition for receiver, denying insolvency and any act of bankruptcy and asking for a jury trial, the court should not exercise its discretion to the extent of allowing the relief prayed for.

The Supreme Court of the United States in Cameron v. United States, 231 U. S. 710, 34 S. Ct. 244, 246, 58 L. Ed. 448, discussed the meaning of clause (a) of section 21, Bankr. Act (11 USCA § 44 (a), which provides for an examination of "a bankrupt whose estate is in process of administration under this act," and held that, inasmuch as the filing of the petition in bankruptcy operates to place the property of the alleged bankrupt in custodia legis, the estate is in process of administration from the date of the filing of the petition, and that the court may properly order an examination at any time thereafter.

The discretion thus lodged in the court, as defined by the Circuit Court of Appeals, 8th Circuit, is "a wise judicial discretion." See Yellow Motor Co. of St. Louis v. Davis, 27 F.(2d) 597, 598. Therefore, the question which is submitted to the court is whether, under the facts of the case, it is a wise policy on the part of the court to authorize an immediate examination of the bankrupt. As has been suggested, if we are to abandon the old time view that a lawsuit is a game to be played and adopt the more modern and more logical view that it is a rational effort to get at the facts so as to apply the law to them and to do so as quickly and as economically as possible, there would seem to be no justification for a denial of an examination. The court is interested in ascertaining the truth. No other motive inspires it, and it is an axiom that the revealing of the truth should injure no one in his legal rights, whereas its concealment or suppression may work an incalculable injustice. See Remington on Bankruptcy, § 1993.

Accordingly, I am of the opinion that in view of the contested issues involved here, it is proper to permit the petitioning creditors a reasonable opportunity to ascertain the truth so that the same may be supplied to the court. Such an examination must not be conducted with the purpose of harassing, hampering, embarrassing, or prejudicing the bankrupt, but with the sole purpose of ascertaining the facts. Nor should it result in the production of evidence which will not help petitioners but might injure defendant, such as the names and addresses of creditors. The amount of indebtedness is material; the personnel of the owners thereof is not.

The examination of the premises must be made at a time convenient to and consistent with the orderly conduct of the business. Both parties shall be reasonable in their attitudes and thus with no inconvenience to the bankrupt, petitioning creditors may examine the premises with a view to an appraisement of the same and may examine the bankrupt with a view to ascertaining the facts.

There will accordingly be an order of reference to the referee for special examination prior to adjudication and an order permitting the examination, at convenient hours without hampering the bankrupt, of the premises by the petitioning creditors' representatives. All this will be subject to supervision by the referee and the matter is referred to him in accordance with the terms of this memorandum.