**NORTH WARD RADIO CO., INC., et al. v. GRIGSBY GRUNOW CO. et al.**

**No. 5116.**

Circuit Court of Appeals, Third Circuit.

Nov. 24, 1933.

Sanford Silverman and William Harris, both of Newark, N. J., for appellants.

Rosston & Hort, of New York City, and Augustus C. Studer, Jr., of Newark, N. J. (George Furst, of Newark, N. J., of counsel), for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

This is an appeal from three orders in bankruptcy: One, denying the appellants' motion to dismiss the involuntary petition in bankruptcy against the North Ward Radio Company, Inc.; another, refusing to vacate or set aside an order of examination under section 21a of the Bankruptcy Act (11 USCA § 44 (a); the third, appointing a receiver for the alleged bankrupt.

The appellants' first grievance is that the three petitioners are not qualified as petitioning creditors because, they aver (not by answer but in their motion to dismiss and by affidavit) that one is a judgment creditor of the bankrupt and, in consequence, a secured creditor, and the other two are not creditors at all. These matters, if true, may be proved in a proper proceeding after answer setting them up as defenses, but in this proceeding on a motion to dismiss, being in the nature of a demurrer, facts alleged and well pleaded in the petition must be accepted as true. Graham Manufacturing Co. v. Davy-Pocahontas Coal Co. (C. C. A.) 238 F. 488; In re Parker (D. C.) 275 F. 868, 871. The petition fails to disclose a judgment in favor of one of the petitioning creditors or any other matter which disturbs the status of any of them as a creditor with a provable claim. Anyhow, the creditor first attacked, though denying that it was a judgment creditor, waived in open court any lien and any security it could have obtained in the manner the appellants allege. Except for infirmities not presently disclosed, it thereby became a qualified petitioning creditor. Greenville B. & T. Co. v. Selcow (C. C. A.) 25 F.(2d) 78, 79.

Next, the appellants complain that, "under the circumstances," an order of examination under section 21a should not have been made. Of the circumstance that the order was made before adjudication the appellants say nothing. In re Honeygoskey (D. C.) 56 F.(2d) 859; Cameron v. United States, 231 U. S. 710, 34 S. Ct. 244, 58 L. Ed. 448. Their objection is to the use of the process possibly to stiffen the case for adjudication. However that may be, the matter was within the discretion of the bankruptcy court and nothing is before us which indicates that its discretion was abused. In re Weidenfeld (C. C. A.) 254 F. 677; Yellow Motor Co. v. Davis (C. C. A.) 27 F.(2d) 597.

Finally, it is claimed that the order of the bankruptcy court appointing a receiver for the alleged bankrupt was improvidently entered because a state court had already appointed a competent receiver. This is not a challenge to the power of the bankruptcy court, under its paramount jurisdiction in such matters, to appoint a receiver of its own who may demand and take from a state receiver the bankrupt's assets, Silberberg v. Ray Chain Stores, Inc. (C. C. A.) 58 F.(2d) 766, certiorari denied Winne v. Silberberg, 287 U. S. 631, 53 S. Ct. 83, 77 L. Ed. 547; In re Crosby Stores, Inc. (C. C. A.) 61 F.(2d) 812, affirmed by Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, but is rather a challenge to the wisdom of such an appointment because of a claimed lack of necessity. The learned judge of the bankruptcy court thought otherwise. The appellants have shown nothing which unsettles the judgment at which he arrived in a valid exercise of his discretion.

The orders under review are affirmed.