### In re GREENBERG.

District Court, S. D. New York.

June 2, 1938.

George L. Schein, of New York City (Stanley J. Mayer and Isaac M. Levinson, both of New York City, of counsel), for petitioning creditors.

Arthur B. Greenberg, of New York City, for alleged bankrupt.

PATTERSON, District Judge.

Three creditors filed an involuntary petition in bankruptcy against the alleged bankrupt on April 21, 1938. Two acts of bankruptcy were charged: first, that the alleged bankrupt, while insolvent, transferred upwards of $1,000 to "various creditors" with intent to prefer them; second, that the alleged bankrupt made an assignment for the benefit of creditors to four named persons on February 2, 1938. The alleged bankrupt moves to dismiss the petition. As to the first act of bankruptcy he says that it is insufficient on its face, for lack of specific allegations. As to the second act he presents affidavits and copies of papers used in an action in the state court and asserts that the alleged assignment does not

constitute an act of bankruptcy on the grounds that the petitioning creditors have been stayed by order of the state court from using the assignment as an act of bankruptcy, that the assignment is void, and that in any event the petitioning creditors, having assented to the assignment, are estopped from using it as an act of bankruptcy.

From the papers in support of the motion it appears that the alleged bankrupt executed and delivered an instrument of assignment for the benefit of creditors on February 2, 1938. The assignees, representatives of four creditors, did not sign the instrument, nor have they recorded it or taken possession of property under it. The alleged bankrupt avers that it was delivered in escrow. This the petitioning creditors deny. In opposing affidavits they say that delivery was absolute; that later an examination of the debtor's books gave them reason to believe that a financial statement issued by him had been false; and that they thereupon determined to reject an offer of settlement made by the debtor and to file a petition in bankruptcy against him. It appears that the debtor then commenced an action against the assignees in the state court, alleging that the assignment was void because never accepted or signed by the assignees and asking that it be declared void and surrendered for cancellation, and that in such action he obtained a temporary injunction on default, restraining the assignees from acting on or utilizing the instrument of assignment. At this point the petitioning creditors filed the petition in bankruptcy.

The objection to the allegation of preferential payments as an act of bankruptcy is sound. A general averment that preferences have been given to "various creditors", without specification sufficient to apprise the alleged bankrupt of the charge against him, is too vague. In re Rosenblatt & Co., 2 Cir., 193 F. 638; In re Gaynor Homes, 2 Cir., 65 F.2d 378.

The other act of bankruptcy charged, that the alleged bankrupt made an assignment for the benefit of creditors, is sufficient on its face. This fact of itself requires denial of the present motion to dismiss the petition. The alleged bankrupt may have defenses, but they should be set up in his answer and not as grounds of a motion to dismiss a petition good on its face. It is fantastic to say that the petitioning creditors were stayed by the state court from pleading the assignment as an act of bankruptcy. The order of the state court does not so read and could not have been intended to have any such effect; the fact is that the state court has no power by any form of order to limit the operation of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. or to restrain persons from resorting to the bankruptcy court. See In re American & British Mfg. Co., D.C., 300 F. 839, and cases there cited. The petitioning creditors were not estopped to rely on the general assignment as an act of bankruptcy if it be the fact, as they claim, that they later discovered that the alleged bankrupt had issued false financial statements. See Canner v. Webster Tapper Co., 1 Cir., 168 F. 519.

The motion will be granted to the extent of holding that the allegation of preferential payments as an act of bankruptcy is insufficient. It will be denied as to the general assignment as an alleged act of bankruptcy. The order will give the petitioning creditors leave to file an amended petition setting forth the alleged preferential payments in detail. Settle order on two days' notice.