## In re EASTERN UTILITIES INVESTING CORPORATION.

## EASTERN UTILITIES INVESTING CORPORATION et al. v. UNITED STATES.

### No. 6792.

Circuit Court of Appeals, Third Circuit.

July 11, 1938.

Robert H. Richards and Daniel O. Hastings, both of Wilmington, Del. (Travis, Brownback & Paxson, of New York City, of counsel), for appellant Eastern Utilities Investing Corporation.

White & Case, of New York City (Joseph M. Hartfield and Milton A. Kramer, both of New York City, of counsel), for Thomas F. Bayard.

James W. Morris, Asst. Atty. Gen., Frank J. Wideman, Sp. Asst. to Atty. Gen., and Herman Oliphant, General Counsel, Department of the Treasury, J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, Eugene O'Dunne, Jr., and Angus R. Shannon, Jr., Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., and Bradford S. Magill, of New York City, for the United States.

Before THOMPSON and BIGGS, Circuit Judges, and MARIS, District Judge.

BIGGS, Circuit Judge.

On October 14, 1936, Eastern Utilities Investing Corporation, the debtor and one of the appellants herein, filed a petition for reorganization in the District Court of the United States for the District of Delaware, pursuant to the provisions of Section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207. With the petition was filed a plan of reorganization, accompanied by acceptances of the plan executed by Associated Gas and Electric Company and by its subsidiary, Associated Corporation, as the respective holders of the majority of each. class of securities of the debtor, except its class A common stock. The learned District Judge entered an order approving the petition as filed and continued the debtor in temporary possession of its property.

The petition stated that the United States has asserted deficiency claims for income tax but that these were being contested by the debtor. The plan alleged that the approximate value of the securities in the debtor's portfolio, which constituted all of its. assets, was $1,500,000 as of August 31, 1936.

On November 16, 1936, a hearing was had as to whether the debtor should be continued permanently in possession of its estate or a trustee be appointed for it. At this hearing the United States appeared by counsel, who insisted upon the appointment of a trustee, alleging that the corporation's assets had been dissipated by mismanagement to the extent that tax claims of the United States exceeded the value of the assets. Therefore the District Court appointed a trustee.

After the appointment of the trustee the Commissioner of Internal Revenue made assessments upon the debtor for alleged tax deficiencies. Some of these tax claims have been tried or are in course of being tried before the United States Board of Tax Appeals. Other claims of the United States for taxes are filed in this proceeding and have been excepted to. All of these tax claims, if upheld, are payable from the assets in the hands of an escrow agent, the trustee, who must deal with these assets in the manner more particularly set out hereafter.

Upon April 30, 1937, the debtor filed an amended plan of reorganization. This plan proposed that the securities of the debtor should be exchanged upon a stated basis for the securities of Associated Gas and Electric Company, and that the property of the debtor should be transferred to Associated Gas and Electric Company which none the less did not assume the obligations, if any, due from the debtor to the United States. The plan further provided that if upon the confirmation of the plan any amount claimed or determined to be due to the United States from the debtor should remain unpaid, all of the property and assets of the debtor should be held in escrow as hereafter set forth.

Upon July 21, 1937, the learned District Judge approved the amended plan of reorganization, and upon July 26, 1937, an order of confirmation was made and entered,

approved by the Treasury Department of the United States. The order of confirmation provided among other things that all of the assets of the debtor, including rights of action in tort or contract, should be retained and held in escrow by the trustee, as escrow agent, subject to the direction and control of the Court until the amount of taxes, if any, due the United States should be paid in full in cash; that when the claims of the United States should be paid in full in cash the escrow agent should convey the property and assets of the debtor to Associated Gas and Electric Company free and clear of any claim upon the part of the debtor or its creditors. The escrow agent has taken possession of the property and assets of the debtor, pursuant to the provisions of the order of confirmation.

Upon January 10, 1938, the United States filed a petition in which it stated in substance that the tax claims of the United States were in excess of the value of the declared assets of the debtor so held in escrow; that included in such assets were rights of action in tort and contract which the debtor or its trustee possesses against certain persons who are or were officers or directors of the debtor or who served the debtor in the capacity of fiscal agents or otherwise. The petition further alleged that the investigation made by the United States revealed causes of action which, if successfully prosecuted, would increase the value of the debtor's estate, but that the existence of these causes of action could not be determined with certainty or successfully prosecuted unless an examination of witnesses and of books and records was had as provided for by Section 21a of the Bankruptcy Act, 11 U.S.C.A. § 44(a). Affidavits were filed in opposition to the petition and after full argument the learned District Judge ordered the examination.

This court granted an appeal from the order of the District Court and argument was had in respect to the merits of the controversy.

Section 21a of the Bankruptcy Act provides: "A court of bankruptcy may, upon application by any officer, bankrupt, or creditor, by order require any designated person * * * to appear in court or before a referee * * * to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under the provisions of this title."

Setting to one side the questions raised by the appellants we deem it desirable first to pass upon the question of whether or not the provisions of Section 21a may be availed of in a proceeding carried on pursuant to Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, as if in the ordinary bankruptcy proceeding instituted prior to that amendment.

The purpose of Section 21a has been universally recognized as that of discovery. The object of such proceeding is to afford creditors and officers charged with the administration of the estate full information in connection therewith in order that the necessary steps may be taken for its preservation. Compton v. International Harvester Co., 297 Pa. 462, 147 A. 93; Cameron v. United States, 231 U.S. 710, 34 S.Ct. 244, 58 L.Ed. 448; In re Goodwin, D. C., 38 F.2d 669; R. J. Reynolds Tobacco Co. v. A. B. Jones Co., 8 Cir., 54 F.2d 329. Nothing contained in Section 77B in any wise serves to repeal, alter or amend the provisions of Section 21a except subdivision (b) of Section 77B, 11 U.S.C.A. § 207(b), which relates to the scrutiny of certain matters by the District Judge and is not pertinent here. In the case at bar, preservation of the assets of the debtor is the avowed end of the proceeding sought by the United States. Such a proceeding has full sanction of law if the estate of the debtor is in process of administration. See In re Fox Metropolitan Playhouses, 2 Cir., 74 F.2d 722; In re Paramount Publix Corporation, 2 Cir., 82 F.2d 230.

The appellants contend, however, first, that the estate of the debtor is not in process of administration within the meaning of Section 21a of the Bankruptcy Act because the order of confirmation effected a complete administration of all of the debtor's assets, including any causes of action against officers or directors referred to in the 21a petition. The appellants urge that the provisions of the order of confirmation heretofore referred to are self-executing, but if this phrase is used by the appellants to indicate that no further connection exists between the District Court and the res, their contention is incorrect. The order of confirmation expressly provides that the assets of the debtor, including rights of action, shall be held in escrow by the escrow agent "subject to the direction and control of this Court" until the tax claims of the United States are de-

termined and paid. Further, by the order of confirmation the District Court expressly reserves its jurisdiction to make orders amplifying, limiting or modifying the order of confirmation. The order also expressly provides that after the plan of reorganization has been put in effect and carried out, the debtor may apply "for a final decree herein". Moreover in his opinion the District Judge makes clear that he regards the debtor's estate as still being in process of administration, for he states, "Valuable assets remain in the hands of the court. The debtor has not been discharged from its duties and liabilities and no decree has been entered discharging the trustee and closing the case." In our opinion the assets transferred to the escrow agent are still in custodia legis since they are subject to the order of the court.

In the case of Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557, the Supreme Court makes plain that confirmation of a plan of reorganization is but a step in the administration of a debtor's estate. Of course a distinction may exist between the conclusion of the administration of the estate of a debtor and the formal closing of that estate. As stated by Judge Manton in Re Paramount Publix Corporation, supra (page 232), "There can be a time when the estate is fully administered and yet not closed." In the cited case no claim remained to be adjudicated and the question was merely one of the recovery of assets which, if recovered by the trustees, were to be transferred immediately by them to the debtor. In the case at bar under any definition known to us the estate is still in process of administration since some of the claims of the United States yet remain to be adjudicated in this very proceeding and all the claims of the United States, whether filed in this proceeding or not, are to be paid from the assets of the debtor in the hands of the escrow agent.

One other question remains to be disposed of. It is contended by the appellants that the order of the District Court granting the inquiry constitutes an abuse of discretion which we should correct.

An examination of the petition makes it sufficiently clear that some of the allegations, if supported, might serve as bases for causes of action to be brought by the trustee. The function of Section 21a, as we have stated, is an exploratory one.

As was said in Cameron v. United States, supra, page 717, 34 S.Ct. page 246, "The object of the examination of the bankrupt and other witnesses to show the condition of the estate is to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved." The order of the District Court tends toward this very object. We may set aside such an order only where a clear abuse of discretion appears. Cameron v. United States, supra; North Ward Radio Co. v. Grigsby Grunow Co., 3 Cir., 67 F.2d 745; Yellow Motor Co. v. Davis, 8 Cir., 27 F.2d 597; National Fire Insurance Co. v. Thompson, 281 U.S. 331, 50 S.Ct. 288, 74 L.Ed. 881; United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263. We can find no abuse of discretion under the circumstances of the case at bar.

The order appealed from is affirmed and the cause is remanded for further proceedings.