## In re BEECHWOOD.

District Court, D. New Jersey.
Dec. 20, 1940.

Osborne, Cornish & Scheck, of Newark, N. J., for petitioning creditor.

Bertram K. Wolfe, of Philadelphia, Pa., and James Mercer Davis, of Camden, N. J., for alleged bankrupt.

FORMAN, District Judge.

On November 22, 1940, an involuntary petition in bankruptcy was filed against the above-named alleged bankrupt, and the American Surety Company of New York is the sole petitioning creditor. On November 29, 1940, a rule was issued directing the American Surety Company of New York to show cause why the involuntary petition in bankruptcy should not be dismissed. This rule was based upon a petition of the bankrupt, and the controversy is presently confined to the objections that the petition for involuntary bankruptcy is defective in that it does not allege a claim "fixed as to liability" and "liquidated as to amount" as is required by Section 59, sub. b of the Bankruptcy Act of 1938, 11 U.S.C. A. § 95, sub. b.

The relevant parts of the petition for involuntary bankruptcy allege: John Jacob Beechwood was employed in one of the claim departments of Fidelity and Casualty Company of New York. The petitioner executed on December 31, 1929, a bond covering the employer of Beechwood "against loss arising from unlawful acts of its employees". The petitioner is a "creditor of said John Jacob Beechwood, the alleged bankrupt, having a provable claim against him, fixed as to liability and liquidated as to amount, in excess of the sum of $500.00" for the following particularly described reasons: "Between March 6th, 1940, and September 9th, 1940, the said John Jacob Beechwood caused drafts for the withdrawal of money to be drawn upon the Fidelity and Casualty Company of New York and signed by persons who were employed by the Fidelity and Casualty Company of New York in the department in which the said John Jacob Beechwood was the manager or supervisor. The said drafts totalled $108,535.00. The said drafts were unlawfully drawn and the proceeds thereof were unlawfully converted by the said John Jacob Beechwood to his own use. The alleged bankrupt herein became indebted to the Fidelity and Casualty Company of New York in the sum of $108,535.00 by reason of his having unlawfully converted to his own use the proceeds of the said drafts. The said Fidelity and Casualty Company of New York has made a claim against your petitioner in the sum of $108,535.00 by reason of the loss sustained by it through the said actions of the said alleged bankrupt, its claim being based on the bond which was issued by your petitioner to the Fidelity and Casualty Company of New York as hereinabove stated. For valuable consideration the said Fidelity and Casualty Company of New York has assigned the aforesaid claim of $108,535.00 unto your petitioner".

Counsel agree and it is the law that a motion to dismiss is in the nature of a demurrer, and facts well pleaded in the petition must be accepted as true. North Ward Radio Co. v. Grigsby Grunow Co., 3 Cir., 67 F.2d 745; In re Interstate Oil Corporation, 9 Cir., 63 F.2d 674; In re

Greenberg, D.C., 23 F.Supp. 836, and In re Philadelphia Transit Co., D.C., 8 F.Supp. 51.

But, the alleged bankrupt argues: the averment in the petition for involuntary bankruptcy that the American Surety Co. is a creditor having a provable claim fixed as to liability and liquidated as to amount is a mere conclusion of law; the claim is not fixed and liquidated, because it has not yet been determined how much, if any, the alleged bankrupt is indebted to his employer—in other words this claim could not be fixed and liquidated until a judgment is rendered against the alleged bankrupt.

In support of the contention that this petition is defective because it has not been reduced to judgment, the alleged bankrupt cites the report of the master dismissing creditors' petitions in the case of In re Fowler. Therein, the petitioners claimed damages for the anticipatory breach of executory contracts, and the master concluded that Section 59, sub. b of the Bankruptcy Act, supra, intended to exclude all claims whose amounts had not been determined by some sort of adjudication or by agreement between the parties. However, the nature of the claims were obviously not fixed and liquidated.

Herein, we are only permitted to examine the record before us. The fact that these claims may be flexible and unliquidated are based upon assumptions extrinsic to the record.

This petition is not distinguishable from one alleging a debt created by reason of goods sold and delivered and services rendered under contract, or the existence of a book account, etc. A tortious quality, indeed, enters into the nature of the claim, because it arises out of the alleged conversion by Beechwood. However, it is not the type of tort that must await 'juridical award to fix liability and the amount of damage as in the case of an injury to person or property or the taking of money's worth. Here the taking is expressed in a fixed amount of money. On a motion to dismiss we cannot take cognizance of the fact that the alleged bankrupt may have defenses to the whole or part of petitioner's claim. This is a matter that can be determined only after issue is raised by answer. Confined to the petition as we are, we believe the petitioning creditor has a claim fixed as to liability and liquidated as to amount.

There remains the objection that the allegations in the petition consist of legal conclusions. This requires but slight consideration. The petitioner alleges the underlying facts establishing itself as a creditor, i. e., it alleges various defalcations of the alleged bankrupt, the demand of the employer for reimbursement, and the assignment of the employer's claim against the alleged bankrupt. By virtue of these basic allegations the petitioner concludes it is a creditor of the alleged bankrupt in a definite amount. We think this is sufficient.

The motion to dismiss is denied.