## In re HORGAN et al.

(Circuit Court of Appeals, Second Circuit. November 15, 1899.)

1. BANKRUPTCY—EXAMINATION OF WITNESSES—SCOPE OF INQUIRY.

The provisions of the bankruptcy act authorizing the examination of third persons as witnesses in bankruptcy proceedings, and requiring them to produce books and documents when called for, are intended to enable creditors to find grounds of opposition to the bankrupt's discharge, if any exist, and to enable the trustee to discover assets of the estate which may be applied to the payment of the bankrupt's debts.

**2. SAME--REVIEW ON APPEAL.**

In the examination of third persons as witnesses in bankruptcy proceedings, and the scrutiny of their books and papers, the bankruptcy court should see to it that the examination is confined to the legitimate objects of such an investigation, viz. the discovery of assets of the bankrupt, or of grounds of opposition to his discharge. But in this matter it is vested with a wide discretion, and its action will not be interfered with by the appellate court unless such discretion has been manifestly abused.

**3. SAME--BOOKS OF CORPORATION NOT A PARTY.**

Two partners, after failing in business as architects and builders, organized a corporation for the prosecution of the same business, composed of themselves, their wives, and one other. The wives held substantially all the stock, but contributed no value therefor; practically the only capital being the professional reputation and personal services of the husbands. The latter were the officers and directors of the corporation, and managed its business, and drew all the money earned. The partnership, as such, being adjudged bankrupt on their voluntary petition, and the trustee and creditors claiming the right to examine the books of the corporation, the district court ordered one of the bankrupts to produce the books in his custody as the president of the corporation, and submit them for such examination, and fined him for his refusal to comply. *Held*, that such order was within the authority of the bankruptcy court, and was a reasonable exercise of its judicial discretion, and would not be reversed on appeal.

On petition for review of an order of the district court of the United States for the Southern district of New York, in bankruptcy. See 97 Fed. 319, where the facts of the case are fully stated.

James W. Hyde, for bankrupts.

Herbert J. Hindes, for creditors.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. We have no doubt of the power of the court below to make the order fining the petitioner for refusal to produce the books of the corporation (in his custody as its president) for examination before the referee in bankruptcy, nor that the order was a reasonable exercise of judicial discretion. The provisions of the bankruptcy act authorizing the examination of third persons as witnesses, and compelling the production of books and documents upon such examinations, are intended to enable creditors to discover transactions which may affect the right of the bankrupt to obtain a discharge, and to enable the trustee to ascertain whether any assets exist which should be collected and applied towards the payment of the bankrupt's debts. It is the duty of the bankruptcy court to see that such examinations are not permitted to transcend the limit of a legitimate investigation for these purposes; but of necessity this is a duty which involves the exercise of wide discretion, and which should not be interfered with by any appellate court except when it has been manifestly abused. It is not a valid objection to the production of the books of a corporation that their inspection may disclose concealed assets, or supply evidence to enable the trustee to maintain a civil action to recover the value. In the present case the bankrupts were the officers and directors of the corporation whose books were sought to be examined, their wives were the stockholders, and substantially the only capital originally contributed or subsequently employed in its business consisted of

the professional reputation and personal services, as architects and builders, of the bankrupts themselves. Whether the profits of the business carried on in the name of the corporation were, as against the creditors, the property of the bankrupts; whether the corporation was merely a paper instrumentality, and the bankrupts the real principals in all its transactions; or whether the corporation was a concern of which the wives of the bankrupts were the genuine, beneficial owners,—are questions which the court below was not called upon to decide. It suffices that enough appeared to justify the trustee in investigating the history of the transactions, with a view to bringing an action to test the title to the profits derived from them.

The order is affirmed.