### In re UNITED STATES GRAPHITE CO.

(District Court, E. D. Pennsylvania. February 10; 1908.)

#### No. 2,865.

BANKRUPTCY—ADMINISTRATION OF ESTATE—BOOKS OF THIRD PERSON—EXAMINATION.

Where the P. Co. was a party to an inquiry before a referee in bankruptcy concerning an alleged fraud between the P. Co. and the bankrupt's estate, the P. Co., in response to a subpœna for that purpose, was required to produce its minute book, which probably contained entries with reference to the question under investigation and to permit an examination thereof by counsel for the adverse party.

In Bankruptcy. On certified question of referee.

I, George M. Rupert, referee as aforesaid, do hereby certify that in the course of proceedings had before me in the above-stated matter the following question arose pertinent to the proceeding: "Whether or not the minute book of the Pennsylvania Graphite Company should be directed to be put in the hands of James G. Gordon, Esq., for examination thereof." And the said question is certified to the judge for his opinion thereon.

James Gay Gordon, for creditors.

Alexander Simpson and Charles H. Edmunds, for Pennsylvania Graphite Co.

HOLLAND, District Judge. This is a question certified to the court by George M. Rupert, Esq., referee in the above-mentioned matter. The question is whether or not the minute book of the Pennsylvania Graphite Company should be directed to be put in the hands of James G. Gordon, Esq., for an examination thereof. The referee is engaged in making inquiry as to an alleged fraud between the Pennsylvania

Graphite Company, whose minute book is required, and the bankrupt estate, and, further, the corporation—the owner of the minute book—is also interested in having an order made for security for payment of rent. So that in these two questions under investigation, if not in the others, the Pennsylvania Graphite Company is a party to this litigation, and is required, in response to a subpœna for that purpose, to produce such specified books and papers as bear upon the questions investigated. When the book has been produced before the referee, of course, counsel, intending to establish certain facts from this minute book, is entitled to see it and to examine its contents for the purpose of ascertaining what it contains in relation to the questions at issue. An indiscriminate call for a book or paper, which upon its face could in all probability have no bearing upon the questions investigated, would be improper, and an objection to its examination by counsel for an adverse party would be sustained; but, where it appears that the book or paper called for is so obviously the document containing the truthful information concerning the questions investigated, it is clearly the right of counsel to examine the book or paper to see what it discloses as to the matters at issue.

In answer to the question certified by the referee, the court directs that the minute book of the Pennsylvania Graphite Company be produced before the referee, and that counsel interested for or against the petition of sale be permitted to examine the same.