## In re FOX.

No. 24431.

District Court, D. New Jersey.
Oct. 2, 1936.

See, also, 16 F.Supp. 949.

Cole & Cole, of Atlantic City, N. J., for All Continent Corporation and Eva Fox.

Wm. Elmer Brown, Jr., of Atlantic City, N. J., for trustee.

AVIS, District Judge.

William Fox on his voluntary petition was adjudicated bankrupt on May 29, 1936. Subsequently Hiram Steelman was named as trustee. Upon application of two of the creditors of bankrupt, the referee made an order or orders requiring and permitting the examination of certain parties under the provisions of section 21a of the Bankruptcy Act (11 U.S.C.A. § 44(a). One Herbert Leitstein, who, it appears, was the personal secretary, auditor, or bookkeeper of bankrupt for some time prior to bankruptcy, and occupied the same position with All Continent Corporation, to which corporation reference is hereinafter made, has been examined with relation to dealings and transactions of bankrupt individually as well as his connection with All Continent Corporation.

The schedules of bankrupt show total assets of $100 in cash, and some securities which are said to be of little value, and liabilities aggregating over $9,000,000.

It appears that bankrupt, who was possessed of several million dollars, in October, 1930, organized or caused the organization of All Continent Corporation under the laws of the state of Delaware. The business operations of this company were conducted in New York City at the private and personal offices of bankrupt. In December of 1930 bankrupt caused to be transferred to All Continent Corporation securities or interests therein of a value of approximately $7,000,000. The method of making the transfer was rather unique. Bankrupt on six different occasions borrowed large sums from brokers, and each time deposited certain securities with said brokers as collateral for the respective loans. The total amount borrowed was approximately $6,100,000. At each borrowing bankrupt loaned the amount thereof to All Continent Corporation, and with this money the Corporation paid off the debt to the brokers, taking the securities into its possession. In addition, bankrupt assigned to the Corporation his equity in certain collateral deposited with brokers for loans, which equity is said to have had a value of over $800,000. For these securities and assets turned over by bankrupt, All Continent Corporation issued to bankrupt all of its capital stock. Subsequently, it is claimed, all of said stock was turned into a trust fund for the benefit of the wife and family of bankrupt. The conduct of the business of All Continent Corporation, and the possession of its assets, was for a time at least entirely in the control of the bankrupt.

The referee, on petition, has ordered that the books of account of All Continent Corporation be turned over to the trustee for complete audit and account by persons selected by the trustee. This order provides that the trustee shall have the exclusive pos-

session of said books for a period of six weeks.

There is no statute expressly authorizing the court to require production or examination of books of account of any person other than bankrupt, but, for the purpose of acquiring full information with relation to the bankrupt's estate, orders for examination of the books of third persons have been made under the authority of section 21a of the Bankruptcy Act (11 U.S.C.A. § 44(a).

■ There appears to be no question that, upon a proper showing of materiality, the books of a third person or corporation, in which it is evident that transactions are recorded which will probably develop assets of bankrupt, may be ordered produced for inspection and examination. See Remington on Bankruptcy (3d Ed.) vol. 5, § 1998, p. 26 et seq.; In re Landquist (C.C.A.7) 70 F.(2d) 929; In re United States Graphite Co. (D.C.E.D.Pa.) 159 F. 300; In re Horgan (C.C.A.2) 98 F. 414; In re Fixen & Co. (D.C.S.D.Cal.) 96 F. 748.

■ The only case called to the court's attention which involves the delivery of books of account of third persons into the possession of an officer of the court is the case In re Ironclad Mfg. Co. (C.C.A.2) 201 F. 66. In that case the court sustains the principle of the production of books and accounts for examination, and, as a general proposition of law, stated: "When books and records are produced in obedience to an ordinary subpoena duces tecum, the court may, and in a proper case sometimes does, impound them, when the ends of justice so require; but such impounding in no way affects the title." 201 F. 66, at page 68.

Counsel for All Continent Corporation and Mrs. Fox has filed a brief in which he has set up and cited a number of cases relating to the distinction between summary and plenary proceedings for the recovery of alleged property of bankrupt from third persons. None of these cases, as I view the facts, is applicable to the issue in the instant case.

The gist of this argument is demonstrated in the cited case of Looschen Land & Building Co. v. Milson (C.C.A.3) 266 F. 359. Counsel contends that this case "is absolutely in point, decisive and dispositive of the question." Further on, in brief, counsel states: "We deem it really unnecessary to cite other cases or attempt to distinguish those cited by the petitioner. * * *"

As a matter of fact, the cited case dealt with the right of the District Court to try in a summary manner the title to property, real and personal, and the court held that under the facts in that case a plenary suit was required. Apparently, because of the fact that the decree of the District Court in that case ordered the third party "to turn over all its property, accounts, and papers to the trustee," counsel for the All Continent Corporation claims that it affects the instant order which only requires that books of account shall be delivered for thorough and complete examination.

■ The brief submits the question as to whether the order is violative of the rights of the corporation under the Fourth and Fifth Amendments to the United States Constitution. No argument is presented on this point, and the court assumes that it is not seriously pressed. If it were, I should hold that there is nothing in the Constitution which affects the order, and that the order in no way violates the provisions of the stated amendments.

■ I am satisfied that the trustee is entitled to have from the books any information which may be relevant to the present inquiry. What is relevant is primarily to be passed upon in the judicial discretion of the referee.

■ I cannot agree with the referee's order requiring the complete delivery of the books to the trustee for a period of six weeks. I believe the books and accounts should be deposited in some secure neutral place—probably in the safe deposit vaults of some bank—to be examined and audited in said building by an accountant selected by the trustee or referee, said accountant to have no responsibility to any of the creditors of said bankrupt. The examination of the books, etc., should be in the presence of a representative of All Continent Corporation and Mrs. Fox, if they desire to have such representative present, upon reasonable notice which should be given in all instances when books, etc., are to be examined and audited.

The entries in the books should be kept entirely confidential by the auditor, the trustee, and his attorney, and disclosed only when presented to the referee in the regular way, and by him admitted in evidence.

An order will be signed affirming the order of the referee with the modification as herein stated.