### HERBERT V. APARTMENTS CORPORATION v. MORTGAGE GUARANTEE CO.*

### No. 6598.

Circuit Court of Appeals, Third Circuit.

July 13, 1938.

*Writ of certiorari denied 59 S.Ct. 107, 83 L.Ed. —.

Harry Grossman and Isador S. Worth, both of Camden, N. J., for appellant.

Harry Miller and Bolte & Miller, all of Atlantic City, N. J., for appellee.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

Upon the 8th day of July, 1937, the appellant, Herbert V. Apartments Corporation, filed a petition for reorganization pursuant to the provisions of Section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207, and thereafter the District Court approved the petition of the appellant and temporary trustees were appointed. Upon August 3, 1937, the appellant filed a petition stating that it was the owner of the Biarritz Apartments in Atlantic City, New Jersey, which was subject to a first mortgage in the sum of $250,000 given

by its predecessor in title to Mortgage Guarantee Company; that the Mortgage Company had sold participating interests in this mortgage to persons whose names and addresses were unknown to the appellant. The petition concluded with the prayer that the Mortgage Company be ordered to file a list of the names and addresses of these persons so that they might be given notice of the pending proceedings. Upon the same day the District Court entered an order, ex parte, requiring the filing of such a list.

The Mortgage Company then moved to vacate this order. The motion was accompanied by the affidavit of Blanchard Randall, Jr., its president, stating in substance that in the depression period the Mortgage Company had worked out a plan of co-operation between itself and the owners of mortgaged premises, including the appellant. This plan, a copy of which is attached to the Randall affidavit and is referred to as a "Plan of Readjustment", is dated February 14, 1933, and provided among other things that the holders of the beneficial interests in mortgages held by the Mortgage Company, including the $250,000 mortgage in the suit at bar, should authorize the Mortgage Company, in its discretion but within certain limits, to act upon their behalf in extending the maturity dates of mortgages, to reduce the interest rates payable thereon, to purchase the properties sold on foreclosure, and to modify the terms of the guarantee of the Mortgage Company to the certificate holders. This plan of readjustment was agreed to by more than ninety per centum of the holders of the participating certificates and became operative.

An examination of the certificates issued by the Mortgage Company to the investing public in respect to the $250,000 mortgage upon the Biarritz Apartments shows that each purchaser of the certificates received an undivided share in the whole mortgage and that the Mortgage Company was constituted an agent for the collection of the interest and principal of the mortgage for the benefit of the certificate holders.

Upon the filing of the 77B petition by the appellant a form of power of attorney with an accompanying letter was sent by the Mortgage Company to the certificate holders. By this power of attorney, which the appellee contends is irrevocable, the certificate holders who executed it appointed the Mortgage Company or Blanchard Randall, Jr., as their attorneys in fact " * * * to the same extent as if the said attorneys were the owners in their own right of the participation in said mortgage * * * ", and in particular authorized these attorneys to represent them in the 77B proceeding of the appellant, to accept or reject on their behalf any proposed plan of reorganization, and to vote for the appointment of trustees and upon any and all matters relating to the 77B proceeding in respect to which the certificate holders might be entitled to vote.

Answering affidavits were filed by Joseph Varbalow, president of the appellant and a certificate holder. From these it appeared that the appellant had sustained substantial losses during the years 1932 to 1936, inclusive, that the Mortgage Company had reduced the rate of interest upon the mortgage to 5¼%, and that the Mortgage Company itself was in voluntary liquidation and process of rehabilitation under the supervision of the Insurance Department of the State of Maryland; that the Mortgage Company has not been licensed to perform any class of business except such as might be incidental to its liquidation.

It appears from the record that the Mortgage Company has received powers of attorney from 157 holders of the participation certificates. The certificates of these 157 holders represent the sum of $179,750.

Upon August 13, 1937, the learned District Judge entered an order providing among other things that temporary trustees should be made permanent trustees, for the filing of schedules, and for the filing, allowance and disallowance of claims. The fourteenth paragraph of this order provides that the trustees shall give notice of its making and entry to the creditors and stockholders of the debtor " * * * as the same may appear on the books of the Trustees and/or the debtor * * * ".

On September 8, 1937, the District Judge vacated and set aside the order of August 3, 1937, requiring the filing by the Mortgage Company of the list of the names and addresses of the participating certificate holders, but provided by the vacating order that the Mortgage Company should file with the Clerk of the Court within ten days a list of the names and addresses of all holders of participating certificates who had not authorized the Mort-

gage Company by execution of powers of attorney to act for them. This order also provided that the Mortgage Company should produce before one of the Masters of the United States District Court for the District of New Jersey, the original powers of attorney executed by the participating certificate holders in favor of the Mortgage Company and should leave with the Master copies of these powers of attorney. The order further provided that these powers of attorney should be impounded by the Master in his files and not disclosed to any person except upon the express order of the court. The order further provided that upon the filing of the plan of reorganization by the appellant, the Mortgage Company should mail a copy of the plan to all the holders of participation certificates for whom it is acting and should file proof of mailing with the Master, such proof also to be impounded and not disclosed to any person save by the express authority of the court.

It will be observed from the foregoing that the holders of the participation certificates who have executed powers of attorney in favor of the Mortgage Company are guarded from any influence which might disturb their relation with the Mortgage Company. The order of August 13, 1937, requiring the trustees to give notice of the time for filing claims, limits the giving of that notice to creditors and stockholders of the debtor as the same appear on the books of the trustees or the debtor. Since neither the trustees nor the debtor possess any list of the 212 persons who have purchased and are the true owners of the $250,000 mortgage, such holders will not receive any notice to file claims. While it is true that the order of September 8, 1937 provides that the 157 certificate holders who are represented in the proceeding by the Mortgage Company shall receive a copy of the plan of reorganization, that plan is to be sent to them through the conduit of the Mortgage Company. So far as is apparent from the record before us there is no provision made by order of court that those holders of participation certificates who have not given powers of attorney to the Mortgage Company, shall receive copies of the plan of reorganization or indeed any of the notices ordinarily given in 77B proceedings.

The result of the restrictions which have been placed around those certificate holders who have given powers of attorney to the Mortgage Company, is to place them in a position where any information which may come to them of necessity comes through the hands of the Mortgage Company and may be colored with its mind. Such conditions do not tend to enhance opportunity for the exercise of independent judgment upon the part of the certificate holders. They are in fact isolated from the ordinary influences which operate in proceedings of this nature. They cannot be circularized by the appellant, by one of their own number who has not executed a power of attorney to the Mortgage Company or by any other creditor of the appellant. This court realizes that frequently there are disturbing influences in reorganization proceedings which may militate against a successful reorganization of the corporation, but we also believe that there must be full opportunity for discussion and exchange of ideas between parties in interest in a 77B proceeding. The present position of the 157 certificate holders who have entrusted their affairs to the Mortgage Company is one of comparative isolation from any influence, good or bad, and from any information except that which comes to them through the appellee. All the certificate holders must glean their knowledge of the contents of the order of August 13, 1937, from two publications in newspapers of general circulation published in Atlantic City, New Jersey.

The appellee contends that under paragraph 6 of the plan of readjustment, the agency of the Mortgage Company to act for the certificate holders is irrevocable, except as it may be revoked as provided in paragraph 3 of the plan. This paragraph provides that a certificate holder may withdraw the agency which he has conferred upon the Mortgage Company by reimbursing it for any advances made and relieving the Company of its liability upon its guarantee. The plan of readjustment also provides that the Mortgage Company shall be vested with the sole and entire control of the respective mortgaged premises, but we can find nothing in the provisions of the plan of readjustment or in the mortgage certificates themselves which tends to make the Mortgage Company the master of the obligation held by the certificate holders. In this connection the appellee contends that the debt of the mortgage is owing to the Mortgage Company and not to any other person and that there does not exist between the appellant and the certificate

holders the relationship of debtor and creditor.

But in the mortgage certificates themselves it is stated that the Mortgage Company shall act as agent for the purchasers of the certificates, and the language of the certificates seems to be carefully drawn so as to avoid the creation of any fiduciary relationship between the Mortgage Company and the certificate holders other than that of agent to principal. The holders of the certificates are in fact the beneficial or true owners of the rights in the mortgage. Moreover, there is no provision in the contract between the certificate holders and the Mortgage Company or by the plan of readjustment which precludes the principals, the certificate holders, from acting on their own behalf and in place of their agent, the Mortgage Company. An examination of the case cited by the Mortgage Company, Mortgage Guarantee Company v. Atlantic City Jewish Community Center, 181 A. 701, 14 N.J.Misc. 1, affirmed 121 N.J.Eq. 110, 187 A. 372, contains nothing which would lead us to a contrary conclusion. In the cited case the proceeding was one to foreclose a mortgage in the State court. The proceedings at bar were inaugurated pursuant to Section 77B of the National Bankruptcy Act and the question is not who has the right to foreclose a mortgage, but whether or not parties in interest shall be kept informed of the proceedings and by what means they shall be informed.

■ Now, it is apparent that the rights of the certificate holders may be substantially affected by the proceedings at bar. The Mortgage Company, acting in good faith pursuant to the authority conferred upon it by the powers of attorney heretofore referred to, may substantially decrease the security of the certificate holders and rearrange or diminish their rights pursuant to the plan of reorganization to be approved by the court, and may do this far beyond the limitations which it has imposed upon itself pursuant to its plan of readjustment. But in fact substantial rights are in the certificate holders. Indeed these certificate holders are "creditors" within the purview of Section 207 of Title 11 and are therefore within the notice provisions of subsection (c) of that section. Notice must be given to them as required by the Act.

■ In making the foregoing observations we are not unaware of the fact that the mortgage in question and the accompanying bond was given by the predecessor in title of the debtor and the claims of the certificate holders through the mortgage are against the property of the debtor and not against the debtor in personam. The purpose of Section 77B of the Bankruptcy Act, however, is to rearrange the rights of stockholders and claimants in respect to the property of the debtor. Moreover, section 77B(b) (10), 11 U.S.C.A. § 207(b) (10), defines "creditors" to include all holders of claims of whatever character against the debtor or its property, and "claims" to include debts, securities, other than stock, liens, or other interests of whatever character. The certificate holders in the case at bar plainly come within the definition of "creditors" as set forth by the Act itself. As a matter of law, to hold otherwise would be to prevent the reorganization of the debtor since a class of persons having an interest in the property of the debtor could not be bound by the result of the proceedings at bar. We do not admit of such a conclusion. See In re Westover, Inc., 2 Cir., 82 F.2d 177, and In re Park-83rd Street Corporation, 2 Cir., 93 F.2d 295, 297.

■ Clause (1) of subsection (c) requires notice of the thirty day hearing be given by the debtor or trustees, if appointed, "to creditors and stockholders". Clause (4) (a) states that the judge may direct the debtor or the trustees, if appointed, to prepare lists "* * * of all known bondholders and creditors of, or claimants against, the debtor or its property." In view of the language used, the execution of the provisions just referred to, while not mandatory, is none the less within the discretion of the District Judge. Clause (7) provides that the judge shall cause reasonable notice of all hearings for the consideration of any proposed plan, or for the allowance of fees and expenses, to be given "creditors and stockholders" by publication or otherwise. Clause (11) provides that any creditor or stockholder shall have the right to be heard on the question of the permanent appointment of any trustee or trustees and upon the proposed confirmation of any reorganization plan.

■ The Mortgage Company cannot file a claim on behalf of all certificate holders. It lacks such authority, since it acts merely as agent and has representative capacity for 157 certificate holders solely by virtue of the powers of attorney executed by them. The notice provisions of subsection

(c), except as heretofore indicated, are mandatory and not permissive. It is our opinion that whatever may be the agreement between individuals as to representation in proceedings such as those in the case at bar, notice, as the various steps of the proceeding may require, must be sent to all who have the status of creditors and to the certificate holders since they have such status. The giving of such notice requires the filing of lists of creditors and stockholders with the trustees, if such be appointed, or with the Clerk or some other officer of the court. Public policy requires that such lists shall be open to the inspection of all those who are parties to the proceeding or who have the status of creditors or stockholders. Such right may be abused, but the court has it within its power properly to punish such abuses. Moreover, in our opinion it is the plain intent and purpose of Section 77B to permit a meeting of the minds of a debtor and its creditors and stockholders to resolve and arrange their respective rights, claims and obligations. As this proceeding now stands of record, the debtor can communicate and deal with 157 of its creditors only as it is permitted to do so by their agent, the Mortgage Company. Indeed, in our opinion, Section 77B was intended by Congress to operate in such a way as to allow a debtor, its creditors and stockholders and claimants, to establish a concourse of interest which will avoid dismemberment of their respective rights. In our opinion lists of creditors and stockholders, with their addresses and the amounts of their respective claims and interests, should be available freely to creditors and stockholders and the parties to the proceeding. We think that Congress did not intend the provisions of 77B to operate in a kind of vacuum wherein information, ideas or proposed solutions relating to the difficulties of the reorganization may be kept from a substantial number of creditors.

In the case at bar there must be such right of free communication and concourse. The debtor and its creditors must have the right freely to exchange information or ideas relating to the situation in which they find themselves.

■ The appellee contends that this court has no jurisdiction to entertain the appeal in view of the fact that the Mortgage Company is not a party to the proceedings within the meaning of Section 77B of the Bankruptcy Act. Section 77B(c) (11), 11 U.S.C.A. 207(c) (11), provides in part, "* * * The debtor shall have the right to be heard on all questions * * *". The Mortgage Company contends that its appearance does not have the effect of an intervention and cites authorities holding that a creditor who has not intervened in reorganization proceedings and has been made a party thereto cannot compel an appellate court to assume jurisdiction. These authorities support the contention made, but in the case at bar the appeal already has been allowed by this court and upon the application of the debtor who, under the Act, has the right to be heard upon all questions. We think that what the appellee means to urge upon us is that it has not submitted itself to the jurisdiction of the court below to the extent that that court can compel it to produce a list of certificate holders with their addresses and the amounts of their respective interests. We are of the opinion that the appearance of the Mortgage Company was of itself not sufficient to submit it to the jurisdiction of the court below, but we also think that Courts of the United States, quite aside from any question of submission to jurisdiction, in proceedings such as those at bar have the right to compel the production of such information as is necessary to serve the ends of justice whether it is in the possession of parties to the litigation or otherwise, unless compelling the production of such information be within Constitutional prohibitions such as do not exist in the case at bar. For analogy, see In re United States Graphite Co., D.C., 159 F. 300; In re Fixen & Co., D.C., 96 F. 748; In re Horgan, 98 F. 414; In re Fox, D.C., 16 F.Supp. 950; Remington on Bankruptcy (3rd. Ed.) Vol. 5, Section 1998, p. 26 et seq.

This point, however, is not before us. The list in question has not been refused and there is no need to assume that such refusal will take place.

■ One other question remains for our consideration. The order of September 8, 1937, provides for the production of all original powers of attorney, executed by the certificate holders in favor of the Mortgage Company, with the Master appointed by the court. The order further provides that they shall be impounded and their contents neither disclosed nor submitted to any person except upon the order of the court. Subsection (e) (1) of Section 207, 11 U.S.C.A., provides that a plan of reorganiza-

tion shall not be confirmed until it has been accepted in writing "*. * * by or on behalf of creditors holding two thirds in amount of the claims of each class whose claims have been allowed and would be affected by the plan." The appellant is vitally affected by the confirmation or rejection of the plan of reorganization submitted pursuant to the provisions of Section 77B, as are all creditors and stockholders. In our opinion therefore the appellant, its creditors and stockholders, or those acting on their behalf, must have the right to inspect any and all claims filed with the Master and the power or powers of attorney accompanying each. Proceedings in 77B must reflect the policy of that Act. Hence we do not consider the withdrawing of such proofs from the inspection of parties in interest to be within the discretion of the District Court. We think it mandatory that each proof of claim, each power of attorney, be available for the inspection of creditors, stockholders and parties in interest.

So holding, we reverse the decree of September 8, 1937, and remand the cause with directions to proceed in accordance with this opinion.

BUFFINGTON, J., dissents.