In re R. A. SECURITY HOLDINGS, Inc.

No. 42785.

District Court, E. D. New York.

July 21, 1942.

Lynn G. Goodnough, of Brooklyn, N. Y. (Lynn G. Goodnough and William C. Hare, both of Brooklyn, N. Y., of counsel), for debtor corporation.

Walter F. O'Malley, of New York City (Nicholas P. Callaghan, of New York City, of counsel), for petitioners.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Cullen & Dykman, of Brooklyn, N. Y. (Ralph W. Crolly, of Brooklyn, N. Y., of counsel), for Brooklyn Trust Co.

George Zolotar, of New York City (Jacob F. Raskin, of New York City, and Kiva Berke, of Brooklyn, of counsel), for Securities and Exchange Commission.

MOSCOWITZ, District Judge.

The debtor owns a single parcel of real estate located at 107 West 86th Street, New York City. It acquired title to the property for $2,640, subject to a certificated mortgage in the principal sum of $825,000 and unpaid interest. It is conceded that the debtor never assumed the obligation to pay the mortgage indebtedness.

The certificate issue was one of a number of Prudence-Bonds Corporation issues which were guaranteed by The Prudence Company, Inc., and sold to the public. The petitioning creditors are holders of such mortgage participation certificates, and as such are holders of undivided interests in the mortgage as tenants in common. In re Westover, Inc., 2 Cir., 82 F.2d 177.

The petition alleges that the debtor's liabilities include the mortgage of $825,000, together with unpaid interest in the sum of $45,375, and that the debtor is insolvent or unable to meet its debts as they mature. Brooklyn Trust Company, as depositary of the certificated mortgage and as so-called Substituted Grantee of Powers in Trust, has instituted proceedings for the foreclosure of the mortgage in the Supreme Court of the State of New York.

The debtor avers that since it has not assumed the obligation to pay the mortgage debt, it is not insolvent nor unable to meet its debts as they mature; that the petitioning creditors are not "creditors" within the meaning of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.; and that if Chapter X be deemed to apply to this debtor under the circumstances here outlined, the statute is unconstitutional.

That the debtor is in fact insolvent is apparent from the balance sheet which it prepared and submitted in this proceeding. Moreover, since this property constitutes its sole asset, and substantial interest arrears exist and are unpaid, it is obvious that the debtor is unable to meet its debts as they mature. Its denial of its insolvency and of its inability to pay its debts upon maturity has not been sustained by the proof.

The debtor's contention that the petitioners are not "creditors" within the meaning of Chapter X of the Bankruptcy Act is untenable. Under Sec. 77B, 11 U.S.C.A. § 207, there was some doubt as to whether lien claimants, holding no in personam claims against a debtor, could file petitions for reorganization. In re Draco Realty Corp., D.C.S.D.N.Y.1935, 11 F. Supp. 405; In re 1530 North Kedzie Building Corp., D.C.N.D.Ill.1936, C.C.H. Bankruptcy Service, par. 3846. However, both the specific language of Chapter X and its legislative history indicate clearly that under the existing statute such creditors, holding claims against the property of the debtor, may be petitioners. Gerdes, Corporate Reorganizations: Changes Effected by Chapter X of the Bankruptcy Act, 52 Harv.L.Rev. 1, 4.

Section 126 of Chapter X, 11 U.S.C.A. § 526 provides: "A corporation, or three or more creditors who have claims against a corporation or its property * * * may * * * file a petition under this chapter."

"Creditor" is defined as the "holder of any claim", Sec. 106(4), and "claim" is defined as including "claims of whatever character against a debtor or its property", Sec. 106(1).

There can be no doubt that the petitioners here come within the foregoing language of the statute. Moreover, the intent of Congress to remedy the ambiguity in Section 77B, and to permit the filing of an involuntary petition by creditors like petitioners, is made evident by an examination of House Report No. 1409, 75th Cong., 1st Sess. (1937), where in considering the prior statute, it was stated at page 39: "The provisions dealing with the right to initiate a reorganization proceeding are uncertain. * * * The use of the word 'provable' as applied to claims in the case of a creditor's petition is troublesome. The phrase 'claims against any corporation', has been construed to exclude creditors holding claims against the property of the debtor. This is unnecessarily restrictive and should be corrected."

The constitutionality of Section 77B of the Bankruptcy Act, predecessor of Chapter X, has been upheld. Campbell v. Alleghany Corp., 4 Cir., 75 F.2d 947; In re Central Funding Corporation, 2 Cir., 75 F. 2d 256. The debtor here urges, however, that as here applied Chapter X is unconstitutional and confiscates the debtor's property without due process of law in that it impairs and suspends its right to contract as an independent corporate entity. Presumably this view is based upon the fact that a trustee appointed by the court will take over the administration of the debtor's assets pending a plan of reorganization. However, such suspension or impairment would result, without distinction, if petitioners held in personam claims against the debtor, or if the debtor itself filed a voluntary petition for reorganization. The debtor therefore does not question the constitutionality of such impairment or suspension, but the propriety of the institution of reorganization proceedings resulting in such suspension by creditors holding lien claims against the debtor's assets.

 The right of such claimants to vote on a plan of reorganization in a proceeding for reorganization instituted by a debtor, and that their rights in the mortgaged property may be affected by such a plan, has been established. Herbert V. Apartments Corp. v. Mortgage Guarantee Co., 3 Cir., 98 F.2d 662. To declare that their right, in a proper case, to institute such a reorganization proceeding is nonexistent would be arbitrary and unreasonable.

This debtor has had its opportunity to be heard on the approval of the petition. As has been indicated, its own proof establishes, within the meaning of the statute, its insolvency and inability to meet its obligations as they mature. It will have a further opportunity to establish a basis for its participation in a plan.

The court is satisfied that the statute is constitutional, and that the petition here filed pursuant to the provisions of the statute should be approved.

Settle order on notice.