164

## BROOKLYN TRUST CO. v. R. A. SECURITY HOLDINGS, INC.
### No. 166.

Circuit Court of Appeals, Second Circuit.

March 4, 1943.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

Lynn G. Goodnough, of Brooklyn, N. Y. (Lynn G. Goodnough and William C. Hare, both of Brooklyn, N. Y., of counsel), for R. A. Security Holdings, Inc.

Walter F. O'Malley, of New York City (George O. Lehmann, of New York City, of counsel), for petitioners-appellees.

John F. Davis, of Philadelphia, Pa. and George Zolotar, of New York City (Theodore L. Thau, of Washington, D. C., and Earl J. Wofsey and Kiva Berke, both of New York City, of counsel), for Securities and Exchange Commission.

Arthur Block, of Brooklyn, N. Y., for J. Read Smith, Trustee of the Estate of R. A. Security Holdings, Inc., Debtor Corporation.

AUGUSTUS N. HAND, Circuit Judge.

The debtor, R. A. Security Holdings, Inc., owns a single parcel of real estate at 107 West 86th Street, New York City, subject to a mortgage in the principal sum of $825,000 and unpaid interest. It acquired the title subject to this mortgage but never assumed an obligation to pay the indebtedness which was that of the Prudence Bonds Corporation and was guaranteed by the Prudence Company Inc. The Brooklyn Trust Company held participation certificates in the mortgage as the trustee of three different estates. As such trustee it filed a petition in the bankruptcy court to obtain an involuntary reorganization of R. A. Security Holdings, Inc. under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The debtor filed an answer denying insolvency and alleging that it never assumed or agreed to pay the mortgage, but the court held that it was insolvent and approved the petition. The balance sheet in evidence showed a personal obligation of the debtor amounting to $1,840 which was represented by a loan to it by its holding company. The balance sheet also showed a mortgage of $825,000 covering premises No. 107 West 86th Street, which had been overdue for three years, and in addition there was a balance of unpaid interest that, with the unpaid principal, exceeded the value at which the premises, 107 West 86th Street, were carried on the books of the debtor.

The following provisions of Chapter X are applicable to the present proceeding:

§ 126. "A corporation, or three or more creditors who have claims against a corporation or its property amounting in the aggregate to $5,000 or over, liquidated as to amount and not contingent as to liability, or an indenture trustee where the securities outstanding under the indenture are liquidated as to amount and not contingent as to liability, may, if no other petition by or against such corporation is pending under this chapter, file a petition under this chapter."

§ 106 (1). " 'claims' shall include all claims of whatever character against a debtor or its property, except stock, whether or not such claims are provable under section 63 of this Act [section 103 of this title] and whether secured or unsecured, liquidated or unliquidated, fixed or contingent."

§ 106(4). " 'creditor' shall mean the holder of any claim."

The question before us on this appeal is whether the institution of an involuntary reorganization proceeding under Chapter X

by persons holding claims only against the property of the debtor, and not claims against the debtor personally, deprived the latter of property without due process of law in violation of the Fifth Amendment to the Constitution.

It is argued on behalf of the debtor, R. A. Security Holdings, Inc., that the proceeding violated the Fifth Amendment because it would interfere with the exercise of the debtor's corporate franchises and the interference would be brought about by claimants who had no personal claims against it and to whom it owed no obligation. But the reports of the Committees of both the Senate and the House clearly show that Section 126 of the Chandler Act, which we have quoted, was intended to remove restrictions of Section 77B, 11 U.S.C.A. § 207, which had been held only to allow creditors holding personal obligations of the debtor, and not merely claims against its property, to file petitions for reorganization. The debtor's contention that removal of the former restrictions was unconstitutional because it interfered with the exercise of the debtor's corporate franchises is clearly without substance. It does so, if at all, only temporarily and does no more than would the appointment of a chancery receiver which has long been a valid exercise of judicial power. Whatever reorganization may occur under the present proceedings would leave the corporate charter intact and permit the debtor to conduct any business that the charter may authorize, irrespective of whether or not the mortgage lien against its property may be modified.

The bankruptcy powers exercised in Congressional legislation have gradually been expanded from mere liquidation of the property of an insolvent debtor to rehabilitation through both voluntary and involuntary proceedings. Methods of rehabilitation have been extended from the old-fashioned composition applicable only to unsecured claims to an adjustment of the liens of secured claimants. The constitutionality of these later devices of rehabilitation in substitution for the old equity receivership was sustained by the Supreme Court in Continental Illinois National Bank & Trust Co. v. Chicago R. I. & P. Ry. Co., 294 U.S. 648, 671, 55 S.Ct. 595, 79 L.Ed. 1110. See, also, In re Central Funding Corporation, 2 Cir., 75 F.2d 256, 261. It is true that those decisions did not deal with claims which while secured were not also

founded on personal obligations of the debtor, but at least when the debtor is insolvent we can see nothing to prevent Congress from extending the application of the bankruptcy power in such a way as to protect the process of dealing with liens against its property in a reorganization proceeding like the one before us. The prime object in the case of either form of proceeding is to afford a convenient mode of adjusting the liens upon the property of a debtor under the safeguards of what amounts to a receivership. The question is entirely procedural and not constitutional.

The jurisdiction to entertain proceedings for corporate rehabilitation and to affect liens upon the property of the debtor where the latter has come under no personal obligation, has been recognized as permissible under Section 77B, when the proceedings have been instituted by voluntary petition. See Herbert V. Apartments v. Mortgage Guaranty Co., 3 Cir., 98 F.2d 662, 666, and In re Westover, Inc., 2 Cir., 82 F.2d 177, 181. The provision of Section 126 of the Chandler Act which permits such reorganizations, though the petition is involuntary, is in our opinion a valid application of the bankruptcy powers granted to Congress by the Constitution which in no way contravenes the Fifth Amendment.

Order affirmed.