## GREENVILLE BANKING & TRUST CO. et al. v. SELCOW et al.

Circuit Court of Appeals, Third Circuit.
March 6, 1928.

No. 3721.

1. **Bankruptcy** ⬅➡76(2)—Secured creditors may waive preference or lien and join as petitioning creditors (Bankr. Act, § 57g [11 USCA § 93(g)]).

   Under Bankruptcy Act, § 57g (11 USCA § 93 [g]), secured creditors may waive preference or lien before adjudication of bankruptcy and join as petitioning creditors thereafter, sharing in disposition equally with other creditors pursuant to such section.

2. **Bankruptcy** ⬅➡76(1)—Secured creditors may sign petition for involuntary bankruptcy (Bankr. Act, § 59b [11 USCA § 95(b)]).

   Under Bankruptcy Act, § 59b (11 USCA § 95[b]), claims of secured creditors were provable, and such creditors were entitled to sign petition for involuntary bankruptcy.

3. **Dismissal and nonsuit** ⬅➡5—Plaintiff at common law may discontinue or dismiss before verdict or judgment, in case defendant does not ask affirmative relief.

   At common law, where no affirmative relief is asked for by defendant, plaintiff has an absolute right to discontinue or dismiss his suit at any stage of proceedings prior to verdict or judgment.

4. **Equity** ⬅➡359—Ordinarily plaintiff may dismiss bill in equity before final hearing.

   Ordinarily plaintiff has undisputable right to dismiss a bill in equity before final hearing.

5. **Equity** ⬅➡359—Court may deny application to dismiss, in case where defendants have acquired rights which might be lost, rendered less efficient, and prejudiced.

   Where defendants have acquired rights which might be lost, rendered less efficient, or

prejudiced by dismissal otherwise than by annoyance of prospective future litigation, court in exercise of sound discretion may deny application to dismiss.

**6. Equity ⊃359—Court will not dismiss bill, so as to prejudice one of several defendants in equity having independent rights.**

Where there are several defendants in equity having independent rights, and dismissal of bill might prejudice rights of some particular defendant, court will not dismiss the bill and deprive that defendant of his right.

**7. Appeal and error ⊃776—Appellant cannot as of right dismiss own appeal.**

Where matter in dispute has proceeded to judgment or decree, appellant cannot as of right dismiss his own appeal.

**8. Bankruptcy ⊃465—Petitioning creditor will not be permitted to withdraw appeal from decree dismissing involuntary petition, to prejudice of other petitioning creditors.**

Application of one of petitioning creditors in involuntary bankruptcy proceedings for leave to withdraw appeal from decree dismissing petition will be denied, since granting petition would operate to prejudice of other petitioning creditors, in that liens may have matured and become preferences under law subsequent to filing petition.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Involuntary petition in bankruptcy by the Greenville Banking & Trust Company and others against Morris Selcow, wherein an order was entered restraining foreclosure of mortgages by Samuel E. Liebow and another. Decree sustaining a motion to dismiss the petition and to vacate the order restraining foreclosure, and petitioners appeal. Reversed.

Mark Townsend, Jr., of Jersey City, N. J., for appellants.

Isaac Gross and Atwood C. Wolf, both of Jersey City, N. J., and George Furst and Furst & Furst, all of Newark, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. An involuntary petition in bankruptcy was filed in the court below against Morris Selcow, alleged bankrupt. The court thereupon entered an order restraining the foreclosure of certain mortgages.

The Trust Company of New Jersey and Rappaport Bros. were two of the petitioning creditors. They held security for their claims. A motion was made to dismiss the petition and vacate the order restraining the foreclosure of the mortgages, on the ground that the Trust Company and Rappaport Bros., being secured creditors, did not have provable claims, and without them there were not three petitioning creditors to sustain the petition, as required by section 59b of the Bankruptcy Act (11 USCA § 95[b]) there being no allegation that the entire number of creditors was less than twelve. This motion was granted, and an appeal was taken to this court, and the single question was whether or not an attaching or lien creditor was a proper petitioning creditor.

The petitioners offered in the court below, and renewed the offer here, to waive their preference or liens before adjudication. In fact the Rappaport Bros. filed an order authorizing the clerk of the court in which their lien was recorded to discharge and cancel it of record.

[1] Proof of a claim is one thing, and its allowance another. Claims may be proved, but not allowed, for not all provable claims are allowable. A person having a secured claim may prove it, but it may not be allowed until the security is surrendered. Likewise a person having a secured claim may join as a petitioning creditor and be one of the three to sustain the petition, if he surrenders his security before adjudication. Section 57g of the Bankruptcy Act (11 USCA § 93[g]), permitting claimants to surrender preferences, was not intended as a penalty, but as a privilege, giving those holding preferences the option to keep their security and take no dividends from the estate, or surrender them and share in the distribution equally with the other creditors. Section 57 of the Act (11 USCA § 93); In re Conhaim (D. C.) 97 F. 923; In re Hornstein (D. C.) 122 F. 266; Stevens v. Nave-McCord Mercantile Co. (C. C. A.) 150 F. 71; In re Automatic Typewriter & Service Co. (C. C. A.) 271 F. 1; Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790.

[2] Adjudication had not taken place when the motion was made to dismiss the petition. The time had not arrived to test the status and allowability of their claims by a choice of whether they would surrender their preferences or retain them. Their claims were provable, and so they were entitled to sign the petition. Section 59b. Therefore the petition was erroneously dismissed.

[3-7] After the appeal had been argued in this court, and while the case was under consideration, Robert Cavall, one of the petitioning creditors, filed a petition asking leave to withdraw his appeal. At common law, where no affirmative relief is asked for by

defendant, a plaintiff has an absolute right to discontinue or dismiss his suit at any stage of the proceedings prior to verdict or judgment and this is a substantial right. United States v. Norfolk & Western Railway Co. (C. C. A.) 118 F. 554; Veazie v. Wadleigh, 11 Pet.· (36 U. S.) 55, 9 L. Ed. 630; Barrett v. Virginian Railway Co., 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092. It is likewise ordinarily the undisputable right of a plaintiff to dismiss a bill in equity before final hearing. Kempton v. Burgess, 136 Mass. 192; McGowan v. Columbia River Packers' Association, 245 U. S. 352, 358, 38 S. Ct. 129, 62 L. Ed. 342.

However, where defendants have acquired rights which might be lost, rendered less efficient or prejudiced by dismissal, otherwise than by the annoyance of prospective future litigation, the court in the exercise of a sound discretion may deny the application. Detroit v. Detroit City Railway Co. (C. C.) 55 F. 569; Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C. C.) 121 F. 1015; Morton Trust Co. v. Keith (C. C.) 150 F. 606; Cowham v. McNider (D. C.) 261 F. 714; Goldstein v. Philadelphia & Reading Coal & Iron Co. (C. C. A.) 17 F.(2d) ·482; Pullman's Palace Car Co. v. Central Transportation Co., 171 U. S. 138, 18 S. Ct. 808, 43 L. Ed. 108; Ex parte Skinner & Eddy Corporation, 265 U. S. 86, 92, 44 S. Ct. 446, 68 L. Ed. 912. Where there are several defendants in equity, having independent rights, and the dismissal of the bill may prejudice the rights of some particular defendant, the court will not dismiss the bill and deprive that defendant of the right. Chicago & Alton Railroad Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 S. Ct. 594, 27 L. Ed. 1081. Where the matter in dispute has proceeded to judgment or decree, the appellant cannot as of right dismiss his own appeal. Donallan v. Tannage Patent Co. (C. C. A.) 79 F. 385; United States v. Minnesota & Northwestern Railroad Co., 18 How. (59 U. S.) 241, 15 L. Ed. 347.

[8] The principles announced in the above cases control the issue here involved. It is alleged that the administration of the estate of the alleged bankrupt under the provisions of the Bankruptcy Law (11 USCA), as of the time the petition in bankruptcy was filed, will be materially advantageous to the petitioning creditors and that if the appeal is dismissed substantial rights which they now have under the petition in bankruptcy will be lost. Counsel for petitioning creditors says that some one, openly or secretly representing the interests of the bankrupt or interests hostile to those of the petitioning creditors, behind his back and without his knowledge, paid or agreed to pay his client, Mr. Cavall, his entire claim, on condition that he file a petition for leave to withdraw his name as a petitioning creditor to the petition in bankruptcy.

If the petition of Mr. Cavall is granted, and the petition in bankruptcy fails because of the lack of the required number of proper petitioning creditors, liens may have matured and become preferences under the law, to the prejudice of the petitioning creditors other than Mr. Cavall. Under these conditions our duty is clear.

The petition of Mr. Cavall is denied, and the decree dismissing the petition in bankruptcy and vacating the restraining order is reversed.