## BASSICK MFG. CO. v. FRANK MILLER CO.

Circuit Court of Appeals, Third Circuit.
January 11, 1929.

Rehearing Denied April 3, 1929.

No. 3898.

Lynn A. Williams, of Chicago, Ill., for appellant.

Leonard L. Kalish, E. H. Fairbanks, and Frank S. Busser, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the plaintiff moved to dismiss its bill "without prejudice." The court granted the order, but struck out the words "without prejudice." It subsequently appearing that in litigation between the same parties in the Sixth circuit this order was urged by the defendant as res adjudicata, the plaintiff took this appeal and assigned for error the nonallowance of its motion as made "without prejudice." The defendant contends that the court was without power to grant the plaintiff's motion to dismiss, and therefore, if vacated, the cause should proceed in due course.

In Greenville v. Selcow, 25 F.(2d) 78, this court said: "At common law, where no affirmative relief is asked for by defendant, a plaintiff has an absolute right to discontinue or dismiss his suit at any stage of the proceedings prior to verdict or judgment and this is a substantial right. * * * However, where defendants have acquired rights which might be lost, rendered less efficient or prejudiced by dismissal, otherwise than by the annoyance of prospective future litigation, the court in the exercise of a sound discretion may deny the application."

There being in this case nothing to except it from the general rule above stated, the judge was warranted in granting the plaintiff's motion to dismiss. In view, however, of the attempted use as res adjudicata that has been made of this order due to the court's striking out the words "without prejudice," and of the memorandum in the record subsequently made by the judge that in entering the order he "did not think that the order could be given the effect of a determination of the cause upon its merits," and to the end that this order shall now properly set forth the truth of the situation, the record will be remanded to the court below, with directions to modify its order so as to read: "It is ordered that the above-entitled cause be dismissed without prejudice and without any adjudication by this Court of the issues involved, and with the taxable costs to the defendant to be taxed by the Clerk."

As thus modified, the order of the court below is affirmed.