**EAST TENNESSEE NAT. BANK OF KNOX-
VILLE v. DAY.**

**No. 4393.**

District Court, S. D. Florida. Jacksonville
Division, in Bankruptcy.

Jan. 11, 1934.

Baker & Baker and Martin Sack, all of
Jacksonville, Fla., for movant.

Charles P. Cooper, of Jacksonville, Fla.,
and C. C. Coxe, of St. Augustine, Fla., for
respondent.

STRUM, District Judge.

East Tennessee National Bank filed orig-
inal and amended petitions in bankruptcy
against A. B. Day, to which motions to dis-
miss were heretofore sustained. The bank
now moves to further amend its petition.

If the motion be granted, the petition as
then amended will allege in substance as to
the nature of petitioner's claim that on April
2, 1932, the bank loaned Day $87,000, evi-
denced by a promissory note secured by the
pledge of certain corporate stock, the prop-
erty of Day. Amongst other things, the note
authorized said bank to sell the pledged col-
lateral, without notice, either at public or
private sale, on the nonperformance of the
debtor's promise to pay, applying the net
proceeds of the sale to the payment of said
note; and, should the net proceeds of the sale
of the said collateral be insufficient to dis-
charge the indebtedness evidenced by the
note, the debtor promised to pay said bank
the amount of such deficiency forthwith after
said sale; and, in case of public or private
sale as aforesaid, said bank was authorized to
buy said collateral as any other person.

The note is a Tennessee contract, having
been executed and made payable in that state.

The note remaining unpaid after maturi-
ty, the bank notified Day, by registered mail,
on June 4, 1932, that on June 14, 1932, at
the hour of 10 a. m., at the cashier's desk in
the main banking room of the petitioner
bank, it would offer for sale, and sell, the col-
lateral securing said note, a copy of said no-
tice being posted on June 4, 1932, at the front
door of the county court house in Knoxville,
Tenn., where it remained so posted to and in-
cluding the day of sale. It is further alleged
that there was no statute or rule of law in the
state of Tennessee regulating the enforcement
of pledges of this character, but that the es-
tablished custom and usage in Knoxville was
to hold such sales in the manner above stat-
ed.

The sale was held on the appointed day in the banking rooms of the creditor bank, which bank was the highest bidder and became the purchaser of the collateral for $25,000, that sum being credited on the note, leaving an alleged deficiency of $64,777.62, principal and interest on the note, for which sum the bank claims to be an unsecured creditor, and as such has filed its involuntary petition. The petition further alleges that the pledged securities were not listed on any stock exchange or broker's board, and that the bid price of $25,000 was a fair and reasonable price for said securities at the time and place of sale.

The respondent Day, questioning the validity and regularity of said sale, objects to the allowance of the amendment, asserting that the facts alleged do not constitute the bank an unsecured creditor, for the reason, amongst others, that to recognize the bank as an unsecured creditor for the balance of $64,777.62 would enable the bank to arbitrarily, and without affording Day an opportunity to be judicially heard upon the validity of the sale, reduce Day's assets by the value of the collateral, and at the same time increase his liabilities by the amount of the deficiency, thus vitally affecting his solvency. The acts of bankruptcy in the petition depend upon Day's insolvency.

A secured creditor has a provable claim, and may become a petitioning creditor, for all sums in excess of the value of the securities held. 11 USCA §§ 93, 95.

The vital question here is whether or not the sale of the collateral is valid so as to constitute the bank an unsecured creditor for the remainder and thus qualify it to become a petitioning creditor.

No case has been cited which presents this exact state of facts. The question may be decided, however, upon authority of Turner v. Metropolitan Trust Co. (C. C. A.) 207 F. 495. In that case a debtor corporation pledged certain of its own bonds to secure its note. There was a default, and the pledgee bank sold the bonds, purchasing them itself at a sum far less than the debt. The terms of the note and the conditions of the sale were in principle the same as here. The debtor corporation later became bankrupt. It was held that the sale was valid and the pledgee who purchased the pledged bonds at its own sale could prove its claim for the full amount of the bonds so purchased, which greatly exceeded the balance due on the debt evidenced by the note—a much more severe situation than that here presented. There are cited in the above case numerous other cases which sustain, for various purposes, sales of collateral in the circumstances here involved. See, especially, Fidelity Ins., Trust & Safe-Deposit Co. v. Roanoke Iron Co. (C. C.) 81 F. 439, 449; In re Mertens (C. C. A.) 144 F. 818; Hiscock v. Varick Bank, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945.

There is no difference in principle between the Turner Case and this case. If such a sale is valid for the purpose of enforcing the collateral, it is valid for the purpose of establishing an unsecured balance on the debt.

From the doctrine of the Turner Case, supra, and other cases therein cited, it follows by analogy that a pledgee who has lawfully and in good faith sold pledged securities in conformity with the contract of pledge has a provable claim for the excess of his debt over the proceeds of the sale. Therefore a creditor with such a claim may qualify as a petitioning creditor as to such excess.

Of course, petitioner must allege and prove a sale conformable to the contract of pledge. The petition as now sought to be amended sufficiently alleges prima facie such a sale. Whether or not the sale was in fact conformable to the contract of pledge may be put in issue in this proceeding upon the question of the existence vel non of petitioner's unsecured claim and of the respondent's solvency, so that respondent may here have his day in court upon those questions.

When a sale in conformity with the contract of pledge is shown, the burden of proving that such sale was unfair is upon him who asserts the unfairness. Hiscock v. Varick Bank, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945. It follows that such question must be herein raised by answer.

Motion to amend is granted, and respondent ordered to answer.