## In re MYERS.
### No. 38554.

District Court, E. D. New York.
March 1, 1940.

Lionel Golub, of New York City, for alleged bankrupt.

Samuel Slote, of New York City, for petitioning creditor.

BYERS, District Judge.

Motion to dismiss involuntary petition in bankruptcy for failure to state sufficient facts.

Such petition was filed in this court on February 21, 1940, against the above-named alleged bankrupt by Lena Alpert, alleging that the petitioner is a creditor having a provable claim in the sum of $2,963.98 for goods sold and delivered and that there are less than twelve creditors of the alleged bankrupt.

The alleged acts of bankruptcy are as follows:

(a) That on the 13th of February, 1940, the alleged bankrupt did, "with intent to hinder, delay and defraud petitioning creditor, convey, transfer, conceal, remove, or permit to be concealed or removed, .or set over unto said divers persons, whose names are unknown to your petitioners, valuable property, consisting of a stock of merchandise and right, title and interest to fixtures located in premises 1644 Coney Island Avenue, Brooklyn, New York, of the value of $4000.00."

(b) "While insolvent transfer property and various moneys amounting in the aggregate to the value or sum of $2000.00 to various creditors with intent thereby to prefer such creditors over other creditors of the same class, the names of the creditors receiving such preference being unknown to your petitioners".

A stay of all proceedings was included in an order to show cause granted February 21, 1940, the object of which was to secure dismissal of the petition.

In the affidavit accompanying the said order, it is recited by the bankrupt that on the 13th of February, 1940, pursuant to Section 44 of the Personal Property Law of the State of New York [Consol.Laws, c. 41] known as the Bulk Sales Law, he agreed to sell his grocery store located in the premises above referred to for the sum of $3,100, and notices in compliance with the requirements of said section were duly mailed to each of his creditors, and that otherwise the said statute was complied with.

That the petitioning creditor's claim is not for goods sold and delivered, but represents the balance of the purchase price of the said store which remained unpaid at the time of the filing of the petition; that in connection with the purchase of the store, he executed fifteen promissory notes of $250 each, payable monthly, and a sixteenth note for $463.98; that the notes were due beginning October 1, 1939, and that he paid them as they matured, including the note due February 1, 1940, and that said notes were secured by a chattel mortgage on the fixtures in the store, and that the balance of $2,963.98 was not payable at the time when the petition was filed.

That all merchandise creditors have been paid and that he intends to meet his obligations to the petitioning creditor as they become payable.

That the claim of the petitioning creditor is fully secured, as is shown by the fact that, when the mortgage was given, the notes amounted to $4,213.98, of which $1,250 has been paid, leaving a balance of $2,963.98, and that the purchaser of the store acquired the chattels described in the chattel mortgage subject thereto.

The first objection goes to the status of the petitioning creditor.

638

The debt seems to be a provable one because it falls within the terms of Section 63 of the Bankruptcy Act as amended June 22, 1938, 11 U.S.C.A. § 103, namely, that, as a fixed liability as evidenced by instruments in writing, it was absolutely owing when the petition was filed "whether then payable or not". Under the Act prior to this amendment, such a claim was provable and such a creditor could join in an involuntary petition. In re Rothenberg, D.C., 140 F. 798. A petitioning creditor holding a security may waive the security and file her claim in the full amount. Morrison v. Rieman, 7 Cir., 249 F. 97; Greenville Banking & Trust Co. v. Selcow, 3 Cir., 25 F.2d 78.

In the answering affidavit, verified February 26, 1940, the petitioning creditor says: "Furthermore, deponent is perfectly willing and hereby offers to waive her security and to proceed on the debt alone."

So far as the status of the petitioning creditor is concerned, it is thought that she had the right to file the petition.

As to the allegation of a first act of bankruptcy, namely, a fraudulent conveyance, it is not thought that the transaction constituting the alleged fraudulent conveyance is pleaded with such particularity as the law requires.

As to the second alleged act of bankruptcy, the petition is obviously deficient as a pleading and is properly subject to challenge by this motion to dismiss. See In re Gaynor Homes, Inc., 2 Cir., 65 F.2d 378, and authorities quoted in that opinion.

It is not too late to permit the petition to be amended so that it shall present the precise issues as intended to be pleaded in the passages quoted from the petition, which the alleged bankrupt is called upon to meet, and an amended petition may therefore be filed within five days after service of the order to be entered hereon.

No new issues may be raised. In that amended petition, it would be proper for the petitioning creditor to offer to surrender her security, if she be so advised.

It is not hereby intended to express any opinion as to whether the sale under the Bulk Sales Law—if that is the transaction relied upon by the petitioning creditor—if established, would constitute an act of bankruptcy.

The present holding is merely that the petition is not adequate as a pleading. The issues should be tried, and disposed of as the evidence requires.

Settle order.