**MOUNT VERNON HOTEL CO. et al. v. BLOCK et al.**

No. 11243.

Circuit Court of Appeals, Ninth Circuit.

Oct. 16, 1946.

Alfred McBee, of Mount Vernon, Wash., for appellant.

Thomas Marshall, of Seattle, Wash., for appellees N. J. Block and I. J. Block.

A. J. Westberg, of Seattle, Wash., for appellee Osborn.

A. E. Blair, of Tacoma, Wash., for appellee National Bank of Washington.

Robert S. MacFarlane and Dean H. Eastman, both of Seattle, Wash., for appellee Northern Pac. Ry. Co.

H. S. Sanford, of Seattle, Wash., for appellee Alaska Junk Co..

Before DENMAN, BONE, and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellants, as creditors of appellees, N. J. Block and N. J. Block and Ilma Jane Block, doing business as West Coast Forest Products Company, filed a petition in the District Court in involuntary bankruptcy asking the adjudication of said N. J. Block and said West Coast Forest Products Company, as bankrupts. The petition was denied by the trial court on the ground that one Con Lind had either purchased the claim of

Smith & Russell, a petitioning creditor, or had guaranteed to buy said claim, in which event the trial court found, said Con Lind would be in fact a petitioning creditor and as such was estopped by a certain stipulation he had entered into in a receivership proceeding in the superior court of the state of Washington. Elimination of the Smith & Russell claim would render the amount claimed and the number of remaining petitioning creditors insufficient to meet the requirements of 11 U.S.C.A. § 95, sub. b.

Our problem is squarely pointed up by an inquiry as to whether the finding of the trial court that the Smith & Russell claim has been transferred to Lind or that Lind has agreed to purchase it finds support in the evidence. Being aware of the rule that a finding of a trial court will not be disturbed unless clearly erroneous, we have diligently searched the record and fail to find therein substantial evidence supporting the trial court's finding.

The following pertinent facts are disclosed: The claim of Smith & Russell is acknowledged by the alleged bankrupts to be due and owing. Sometime prior to April 1945 the alleged bankrupts became indebted to Con Lind, which said debt they were unable to pay and executed in favor of Lind an open-end mortgage. The affairs of the alleged bankrupts became so involved that on June 29, 1945, a receiver was appointed by the Washington State Superior Court to take over their affairs. This action was taken with the consent of the alleged bankrupts.

In the receivership proceeding Smith & Russell filed a preferred claim. This claim was alleged to be secured by a stumpage lien on all logs remaining on the land, and all logs as yet unsold to third persons.

As the four months period within which general creditors could attack this mortgage to Lind was about to expire,[1] and because some unsecured creditors of the Blocks were threatening to file involuntary bankruptcy proceedings, Lind and the National Bank of Washington (which also held a mortgage given by the Blocks) entered into a stipulation with the receiver on August 23, 1945, in which they agreed, as an inducement to unsecured creditors not to file involuntary bankruptcy proceedings in the federal District Court, that their mortgages would be subject to the same attack in the state receivership proceedings as if that proceeding had been one in bankruptcy filed August 23, 1945. Smith & Russell were not parties to the stipulation.

The petition for involuntary bankruptcy in which Smith & Russell joined was filed September 20, 1945. The petition alleged, among other things, that: The three creditors had "presentable claims against the said N. J. Block * * * fixed as to liability and liquidated in amount, amounting in the aggregate, in excess of the value of securities held by them, in an amount in excess of $500.00."

It is conceded that the claims of appellants Van Valkenburg and Mt. Vernon Hotel qualify.

The acts of bankruptcy alleged in the petition was the suffering, by the alleged bankrupts, of the appointment of a receiver while they were insolvent.[2]

While we appreciate the earnest desire of the learned trial court, as evidenced by the searching inquiry made, to protect the interests of the general creditors against the secured claim of Lind which the court felt was made invulnerable by the collusion of Lind and Smith & Russell, we cannot agree that the inferences drawn by it from the evidence have a substantial basis in fact. We do not overlook the fact that a trial court is the best judge of the credibility of witnesses and may disregard testimony of those whom it may disbelieve, and we further realize that "the District Judge, in adjudicating upon a voluntary petition in bankruptcy, is not a ministerial, but a judicial, officer, whose first duty is to see that those who minister in the temple of justice shall not invoke his authority for the accomplishment of fraud." Zeitinger v. Hargadine-McKittrick Dry Goods Co., 8 Cir., 244 F. 719, 723. But those who minister in such temple have a right to be judged upon relevant and competent evidence. We agree with appellees "that a charge of fraud is easy to make and difficult to

---

[1] 11 U.S.C.A. § 96.

[2] 11 U.S.C.A. § 21, sub. a(5).

prove," but the very nature and seriousness of the charge requires adequate proof to sustain it. But conceding the trial court correctly exercised its right to disbelieve the witness Smith and rejected his testimony, then what remains in the evidence upon which to base a finding that collusion existed?

The trial court said the fact that Smith is a relative of his (Lind's) attorney, that Smith knew and had talked to Lind [no testimony that Smith's claim was mentioned] and that Smith did not know that Lind's mortgage was still subject to attack in the state court, and the inferences to be drawn from what the trial court believed to be an unfavorable position in which a waiver would put the Smith & Russell claim, was sufficient.

 We do not agree. That Smith & Russell owned the claim at one time is conceded and a fact once found to exist is presumed to continue until the contrary is satisfactorily shown. The presumption of continuing ownership in Smith & Russell was not overcome and the evidence relied on as outlined above falls far short in our judgment of establishing either collusion or fraud.

The trial court also placed its decision on the ground that Smith & Russell did not effectually waive their lien and, of course, it is agreed that unless they did so waive the security of their stumpage lien they are not a qualified petitioning creditor.[3]

At the hearing in the lower court, Smith, one of the partners, in open court testified that he waived the lien which the partnership had asserted in the state receivership proceedings. Smith testified that his present counsel advised him that he would have a better chance of getting the partnership debt paid if they filed the present petition in bankruptcy then in the state receivership proceeding; that the attorney who represented his partner Russell, when the latter filed the preferred claim in the state proceeding, agreed; that therefore, the partnership had filed as one of the petitioning creditors here. Smith then testified, after considerable questioning by his counsel, that he waived his lien. On cross-examination Smith admitted that he did not know that when he waived the partnership lien everyone who had a mortgage or other security would be ahead of him and that he did not know the partnership lien remained against the cash which the receiver had obtained from the sale of Block's assets. But when these facts and the fact that Lind's mortgage was still subject to attack in the state court, were disclosed to him and he was asked if he still wished to waive his lien, he answered "Yes," and that "if you have an attorney he is supposed to tell you what to do," and that "I really didn't know what was taking place. I have never been mixed up with any law much, and I guess I am fairly ignorant on it."

Smith also testified that he had told his partner of the decision to file as a petitioning creditor and that his partner's attorney, one Ward, also advised him to file in this proceeding as he (Ward) did not think the partnership would get anything in the receivership proceeding.

As a basis for the alternative ground of its decision the District Court found that Smith's "attempted" oral waiver was ineffectual because it was made without knowledge that the partnership lien was preserved against the proceeds of the sale of assets in the state receivership proceedings, and without the knowledge of Russell, Smith's copartner. The Court further found that the attempted waiver was something which could not have beneficial results for the partnership as the lien which the partnership still retained was a substantial one. The Court concluded that there were only two creditors since the partnership claim was secured by a lien not sufficiently or unconditionally waived.

Appellants contend (1) that the mere filing of the petition with a deliberate failure to mention the security constitutes a waiver of the security, so as to qualify the partnership as a proper petitioning creditor; and

---

[3] See, In re Central Ill. Oil & Ref. Co., 7 Cir., 133 F.2d 657; East Tennessee Natl. Bk. of Knoxville v. Day, D.C., 5 F.Supp. 473.

Cf., Carr v. Southern Pac. Co., 9 Cir., 128 F.2d 764, 766.

(2) in any event, Smith's waiver in open court was sufficient, since there is no basis for the Court's finding that this oral waiver was ineffectual and conditional and against the best interest of the partnership.

 With these contentions we agree. It seems well settled that the mere filing of a petition in involuntary bankruptcy by a secured creditor who deliberately makes no mention of his security constitutes a waiver of that security.[4]

The petition, after setting out in the statutory language that petitioners have debts "fixed as to liability," etc., describes the Smith & Russell claim only as being for "stumpage due," and fails to mention the security of the stumpage lien, or any other security.

Appellees contend that by their answer they raised the issue as to whether the creditors did have security or not, and that the lower court tried out this issue of fact. The issues raised do not determine the question. It is the mere filing by the creditor of a petition without mentioning his security that constitutes the waiver. Waiver is a unilateral act, and the only one who may waive a lien is the one who holds it.

 Further, we think Smith's waiver of the partnership lien in open court was good.[5] His testimony shows that the decision to file in this bankruptcy proceeding was based upon the advice of his and his partner's attorneys and he stated on the stand that he waived the lien. He admitted ignorance of certain important facts concerning the transaction but he acted on the advice of counsel.

It was not necessary that Smith know all of the circumstances or results which might flow from his waiver. He was following the informed advice of his counsel and counsel for his partner.

The trial court made a finding that Smith's waiver was an attempt to "do something which could not have beneficial re-

sults for the partnership." This seems to be a mere conclusion on the part of the Court. Smith acted on the advice of counsel who felt that the course which Smith took was in the best interests of the partnership. It is noteworthy that counsel for the receiver called as a witness on behalf of petitioner testified that under similar circumstances he would probably give the same advice given Smith here by two other counsel.

Judgment reversed.

---

[4] Morrison v. Rieman, 7 Cir., 249 F. 97, 102, cert. den. 245 U.S. 669, 38 S.Ct. 190, 62 L.Ed. 539; In re Central Ill. Oil & Ref. Co., 7 Cir., 133 F.2d 657, 659.

[5] Cf., North Ward Radio Co. v. Grigsby Grunow Co., 3 Cir., 67 F.2d 745, 746.

Even assuming this waiver in open court had all the infirmities ascribed to it by the lower court, the fact that Smith twice said he waived the lien would tend to negative any argument that the failure to mention the security in the petition was due to mere inadvertence.