In re AMERICAN GYPSUM COMPANY, Debtor.

AMERICAN GYPSUM COMPANY, Plaintiff,

v.

E.M. McDOWELL, Sr., Dorothy McDowell, E.M. McDowell, Jr., and Susan McDowell, Defendants.

Bankruptcy No. 82–01253 M A.
Adv. No. 83–0148 M.

United States Bankruptcy Court,
D. New Mexico.

April 21, 1983.

Douglas T. Francis, Albuquerque, N.M., for plaintiff.

Robert A. Johnson, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the debtor's complaint to determine secured status of the defendant creditors McDowell. The debtor alleges that in filing the involuntary petition, the McDowells waived their security by failing to mention it in the petition. The McDowells, along with two other creditors, filed an involuntary petition which stated that their claims in the aggregate were "in excess of the value of any lien held by them on the debtor's property securing such claims, to at least $5,000.00." Thereafter, in describing the claims, the security interest was not further mentioned.

Of the cases which address the issue of waiver, most are distinguishable from the instant case in that they address attempts by debtors to invalidate a waiver of secured status by a creditor. (An invalid waiver would have resulted, in each case, in the creditor's being ineligible to join in the involuntary petition, thus defeating the petition.) *Mt. Vernon Hotel Co. v. Block,* 157 F.2d 637 (9th Cir.1946); *Greenville Banking & Trust Co. v. Selcow,* 25 F.2d 78 (3rd Cir.1928); *Morrison v. Rieman,* 249 F. 97 (7th Cir.1917); *In re Gibraltar Amusements, Ltd.,* 187 F.Supp. 931 (E.D.N.Y. 1960); *Northward Radio Co., Inc., v. Grigsby Grunow Co.,* 67 F.2d 745 (3rd Cir.1933); *In re Myers,* 31 F.Supp. 636 (E.D.N.Y.1940); *In re All Media Properties, Inc.,* 2 C.B.C.2d 449, 6 B.C.D. 586, 5 B.R. 126 (Bkrtcy.S.D. Tex., 1980). In each case the court looked at very specific evidence of waiver such as an affidavit of waiver or statement of

waiver in open court, *Mt. Vernon Hotel Co. v. Block, supra,* 157 F.2d at 640; *Missco Homestead Assn. v. U.S.,* 185 F.2d 280, 282 (8th Cir.1950); *Greenville Banking & Trust Co. v. Selcow, supra; Northward Radio Company, Inc., v. Grigsby Grunow Co., supra.*

The cases in which a waiver of all security has been found over the objection of the creditor are fewer. *Flori Pipe Co. v. Hale (In re Central Illinois Oil & Refining Company),* 133 F.2d 657 (7th Cir.1943), involved a case in which the creditor tried to reclaim secured property. The finding of the court in upholding the objection of the trustee was that (1) there was no mention of the lien in the involuntary petition and (2) the secured property was not reclaimable and had lost its identity. *Id.* at 659. The portions of the petition contained in the opinion do not mention the words "lien" or "security interest" in contrast to the instant case which recites that the creditors have claims at least $5,000.00 in excess of the value of any lien security interest on property securing those claims. Although not dispositive, the *Flori Pipe* court's determination of waiver seemed buoyed by the fact that the secured property was not reclaimable, a fact clearly not present in the instant case. *Gross v. Russo (In re Russo),* 18 B.R. 257 (Bkrtcy.E.D.N.Y.1982) represents the clear case where a creditor should be found to have waived secured status. The creditor states, at a § 341 meeting, that he was voting *the entire amount* of his claim as unsecured in order to elect his son as trustee of the estate. Having done so, the court declined to allow the creditor to revoke the waiver when doing so suited his purposes. The waiver was intentional as to the entire amount and would remain a waiver for all purposes. *Id.* at 270.

On the other hand, where a creditor is secured but not to the entire amount of the claim, and where the unsecured dollar amount is sufficient to meet the requirements for the filing of an involuntary petition, the assertion of the unsecured portion of the claim to so file the involuntary petition does not waive the secured portion of

that creditor's claim absent a knowing and intentional waiver. The secured portion cannot be waived through error or inadvertence. *Morrison v. Rieman,* 249 F. 97, 102 (7th Cir.1917); *In re Gibraltar Amusements, Ltd.,* 187 F.Supp. 931 (E.D.N.Y. 1960). Indeed, a fully secured creditor may elect only to waive the dollar amount necessary to validate the involuntary petition and have that waiver ineffective as to the balance of the secured claim. *Spilka v. Rist (In re Wm. J. Braun Builders, Inc.),* 262 F.2d 107 (6th Cir.1958).

In the instant case it is clear that the McDowells are undersecured by at least the requisite $5,000.00. Indeed, the debate as to the amount remaining as unsecured has been couched in terms of millions of dollars, not thousands. There is no evidence of any fraudulent conduct on the part of the McDowells or evidence that they attempted to make the debtor believe that they had waived the secured status as to their entire claim.

In light of all the evidence presented, the Court finds no waiver of secured status on the part of the McDowells. The McDowells have been, and remain, secured creditors to the extent of the value of the debtor's property which secures their claims, taking into consideration any prior valid liens or security interests in the same property. To the extent, if any, that the value of the property after consideration of prior valid liens is not sufficient to secure the entire amount of such debt, these creditors are unsecured creditors as to the balance.

This opinion shall constitute findings of fact and conclusions of law. Bankruptcy Rule 752.

An appropriate order has entered.